(No. 32790.-

CHARLES A. OGDON *et al.*, Admrs., Appellants, *vs.* ANTHONY L. GIANAKOS, Appellee.

*Opinion filed September 24, 1953.*

592

HENRY I. GREEN, ORIS BARTH, DARIUS E. PHEBUS, and HURSHAL C. TUMMELSON, all of Urbana, for appellants.

BURT GREAVES, of Champaign, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This appeal is brought by Charles A. Ogdon and R. C. Ogdon, administrators of the estate of Kenneth Wayne Ogdon, deceased, and the personal representatives of Kenneth Wayne Ogdon, to reverse a judgment of the Appellate Court, Third District, reversing and remanding a judgment

of the circuit court of Champaign County. The Appellate Court judgment sustained the action of the trial court in setting aside a judgment for plaintiffs in the amount of $12,000 rendered on the verdict of the jury in a case involving an automobile collision on November 17, 1948, resulting in the death of Kenneth Wayne Ogdon, but reversed the lower court for the reason that all acts therein were without jurisdiction for lack of service of process on defendant, Anthony L. Gianakos. Leave to appeal being allowed, the judgment is here for our review.

This action began by the filing of a complaint by plaintiffs on November 15, 1949, in the circuit court of Champaign County against defendant, Anthony L. Gianakos. The complaint alleged that on the night of November 17, 1948, the deceased was pushing a stalled and disabled automobile off of the west half of U.S. highway No. 45, a four-lane highway, at a point one mile north of the city of Urbana in Champaign County. It was further alleged that defendant was then driving his automobile in a southerly direction on U.S. Route 45 and struck the deceased, injuring him so severely that he died that same evening, leaving a widow and a son, two years of age.

Summons was issued on November 15, 1949, and was returned by the sheriff of Champaign County showing that the defendant was not found. *Alias* summons issued August 4, 1951. On that date plaintiffs' affidavit was filed stating that the defendant was a resident of the city of Champaign, Champaign County, Illinois, at the time of this collision and injury, but had since gone outside of the State and become a nonresident thereof. Hence plaintiffs asserted they were entitled to and did invoke the benefits of section 20a of the Motor Vehicle Act providing for service on nonresidents by serving the Secretary of State.

An attorney for plaintiffs did, on September 18, 1951, file an affidavit that he had been informed that defendant was in the military service of the United States and that

an attorney should be appointed to represent the defendant at the trial. The court then appointed an attorney to represent the defendant. The cause came on for trial before a jury and a verdict was returned in the sum of $12,000, and judgment was entered in that amount. Thereafter, in due time, defendant filed a motion for judgment notwithstanding the verdict and, in the alternative, to set aside the verdict and grant a new trial, basing his motion on lack of jurisdiction because of failure of service. The court granted the motion and entered judgment notwithstanding the verdict, judgment in bar of further action, and rendered judgment for the defendant.

Appeal was prosecuted to the Appellate Court which reversed the judgment notwithstanding the verdict, and remanded the cause with directions to vacate the judgment notwithstanding the verdict, to vacate the judgment in bar of action of plaintiffs, and to quash the service of process. By its opinion the Appellate Court in effect affirmed the determination of the circuit court that it had not acquired jurisdiction of defendant's person. The judgment of the Appellate Court thus became final and appealable on that branch of the case. *Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569.

The directions were based upon the Appellate Court's conclusion that jurisdiction was not acquired over defendant's person because the amendment to section 20a relating to service of process upon motorists who were residents of the State when the cause of action arose but afterwards became nonresidents, did not apply to cases where the cause of action arose before the date of the amendment, which was August 10, 1949.

It is provided in section 20a of the Motor Vehicle Act, as amended, (Ill. Rev. Stat. 1951, chap. 95½, par. 23,) that: "The use and operation by any person of a motor vehicle over the highways of the State of Illinois, shall be deemed as appointment by such person of the Secretary of State,

to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally if such person is a non-resident of this State or at the time a cause of action arises is a resident of this State but subsequently becomes a non-resident of this State."

There is no dispute between the parties but that defendant Gianakos was served with process in conformity with the laws of Illinois in force at the time of service. The Appellate Court determined, however, that the cause of action arose before the amendment to section 20a permitting substituted service on the Secretary of State for a person who was a resident of Illinois at the time the cause of action arose but who has since become a nonresident. Hence, the Appellate Court held the amendment could not apply in this case because its language is prospective and not retroactive. Plaintiffs contend that the statute as amended is procedural and not substantive, and as such is enforceable at the time of its enactment and thereafter, whether the cause of action arose before or after the enactment of the statute.

Procedure is defined in Black's Law Dictionary, Third Edition, as: "The mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which, by means of a proceeding, the court is to administer, the machinery as distinguished from its product. Per Lush, L.J., in 7 Q.B. Div. 333. * * * This term is commonly opposed to the sum of legal principles constituting the substance of the law, and denotes the body of rules, whether of practice or of pleading, whereby rights are effectuated through the successful application of the proper remedies. It is also generally distinguished from

the law of evidence. *Brown, Sackheim* v. *Pigueron,* 215 N.Y. 62, 109 N.E. 109, 111. See, also, *Kring* v. *Missouri,* 107 U.S. 221, 2 S. Ct. 443, 27 L. ed. 506; *Cochran* v. *Ward,* 5 Ind. App. 89, 29 N.E. 795, 31 N.E. 581, 51 Am. St. Rep. 229. Procedure is the machinery for carrying on the suit, including pleading, process, evidence and practice, whether in the trial court, or in the processes by which causes are carried to appellate courts for review, or in laying the foundation for such review. *Jones* v. *Erie R. Co.,* 106 Ohio St. 408, 140 N.E. 366, 367."

In the case of *Hunt* v. *Rosenbaum Grain Corp.* 355 Ill. 504, this court defined "procedure" as including in its meaning whatever is embraced by the three technical terms—pleading, evidence and practice. Practice means those legal rules which direct the course of proceedings to bring parties into court and the course of the court after they are brought in.

The statute in question is certainly not a part of that law which creates, defines, or regulates rights. It delineates the proper method of obtaining jurisdiction in specific instances. Any means of acquiring jurisdiction is properly denominated process, and includes the serving of summons. The issue or service of process is not what makes one a party to a suit. It is merely a step in obtaining jurisdiction of his person after he is a party to a suit. (*Alexander Lumber Co.* v. *Kellerman,* 358 Ill. 207.) The right or cause of action exists when a person or his property is injured or damaged by the use of a motor vehicle upon the Illinois highways. Section 20a of the Motor Vehicle Act sets forth the manner of serving process on the nonresident operator of that motor vehicle, or upon the operator who, at the time of an accident, was a resident of Illinois but has since become a nonresident. It is a part of the machinery to be employed in obtaining a redress for such injury or damage. Accordingly, it is a part of the law of procedure and not a part of substantive law.

The law applicable in the State of Illinois is that there is no vested right in any particular remedy or method of procedure, and that, while generally statutes will not be construed to give them a retroactive operation unless it clearly appears that such was the legislative intent, nevertheless, when a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation. (*Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 Ill. 579; *Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148; *Board of Education* v. *City of Chicago,* 402 Ill. 291.) This statute embodies no saving clause as to existing litigation. It merely establishes a new mode of obtaining jurisdiction of the person of the defendant in order to secure existing rights, which are unaffected by this amendment. As a change which affects merely the law of procedure, there can be no valid objection to enforcing the existing cause of action under this new procedure. In view of the record in this case and the application of the foregoing legal principles, it is evident that this defendant was properly served with process and jurisdiction of his person obtained. The appointment by the legislature of the Secretary of State as an agent of a defendant for service of process in suits arising from the defendant's operation of a motor vehicle upon the highways of the State has been held a valid exercise of the police power based upon the right of the State to regulate the use of its highways for their protection, and the protection of persons and property within the State. *Hess* v. *Pawloski,* 274 U.S. 352, 71 L. ed 1091.

Defendant contends that the designation of the Secretary of State as an agent for service of process rests solely on an implied consent and implied agreement of the de-

fendant, and since the amendment occurred subsequent to the occurrence giving rise to this cause of action no consent can be attributed to him, and hence the statute cannot apply. However, in no case does the operator of the motor vehicle actually or constructively assent to the appointment of the Secretary of State as his agent for service of process. The statute merely declares that such a consent existed at the time the motor vehicle was operated upon the Illinois highways, without any kind of approval, actual or implied, by the operator thereof. In the case of a nonresident it is the fact of nonresidence that enables a plaintiff to obtain personal jurisdiction of defendant by service on the Secretary of State. In the instant case, it is the fact of subsequent nonresidence that enables the plaintiff to obtain jurisdiction of the defendant by serving the Secretary of State in accordance with the statute. The service depends on no consent, actual or implied, but merely upon declarations of the legislature in the valid exercise of the police power of the State.

Defendant also urges that the statute places residents of Illinois who subsequently move out of the State at a disadvantage in contrast to residents who remain in Illinois. Contrariwise, the statute effectively places them in a position of equality. To exempt the resident who subsequently becomes a nonresident from service of process would place him in a superior position where he would escape liability for his acts. The operators of motor vehicles, who are affected by this statute, cannot help but be cognizant of the plaintiffs' rights of redress for injury or damage occasioned by the operation of their vehicles. The statute makes adequate provisions to be employed in order to actually notify such defendants. It is a rare case where such defendant will not, or should not, be actually notified or informed of the action against him, unless he purposely wishes to evade responsibility.

We hold, therefore, that the trial court had jurisdiction of the defendant, and that the contrary conclusion of the

Appellate Court was in error. Because it passed only upon the question of jurisdiction, the Appellate Court did not review on the merits the action of the trial court in entering judgment notwithstanding the verdict. It also took the position that it was "immaterial whether the trial court ruled on the motion for a new trial." Nor are we able to say with certainty that the trial court passed upon the merits of the motion for judgment notwithstanding the verdict uninfluenced by jurisdictional considerations.

In order that these undetermined issues may be most expeditiously resolved, the judgment of the Appellate Court is reversed, and the cause is remanded to the trial court with directions to rule upon the motion for judgment notwithstanding the verdict and the motion for new trial in accordance with Rule 22 of this court.

*Reversed and remanded, with directions.*