ANDREW KRESS, Plaintiff-Appellee, *v.* THOMAS J. O'HARA, Defendant—(PRESTIGE CASUALTY COMPANY, Garnishee Defendant-Appellant.)

(No. 55936;

First District (2nd Division)—July 17, 1973.

*Rehearing denied September 20, 1973.*

Greenberg, Ziv & McCarthy, of Skokie, (Sherwin Greenberg, of counsel,) for appellant.

· Lissner, Rothenberg, Reif & Barth, of Chicago, (Burton Reif and Martin R. Rothenberg, of counsel,) for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

An action to recover damages was brought by plaintiff-appellee (hereinafter "plaintiff") in the circuit court of Cook County against defendant-assured (hereinafter "O'Hara") of garnishee-defendant Prestige Casualty Company (hereinafter "Prestige"); the basis for the action below was O'Hara's alleged negligence in the operation of a motor vehicle, which resulted in injuries to plaintiff arising out of an automobile accident on November 2, 1963.

Service of summons was had upon the Illinois Secretary of State pursuant to the Illinois Non-Resident Motorist Act. (Ill. Rev. Stat. 1967, ch. 95½, par. 9—301, now, par. 10—301.) In May, 1969, plaintiff apprised Prestige of the pendency of the suit against O'Hara, and immediately thereafter Prestige learned that service of process had been accomplished via the section of the Illinois Non-Resident Motorist Act above-cited. A default judgment against O'Hara was entered by the court on February 24, 1970, and on April 15, 1970, an affidavit of garnishment, based upon said judgment, was filed by plaintiff as part of a garnishment action against Prestige.

Prestige answered "no funds" to the garnishment interrogatories filed on April 28, 1970, and, after a hearing, a garnishment judgment order in the amount of $10,000, plus interest and costs, was entered against Prestige on January 14, 1971.

Thereafter, Prestige and its attorneys presented to the court various petitions, in their own behalf and in behalf of O'Hara, which sought to vacate the underlying judgment, and said petitions were denied.

Subsequently, Prestige and its attorneys brought this appeal.

The principal issues presented for review are: first, whether the trial court had jurisdiction over the person of defendant O'Hara by virtue of service of process on the Illinois Secretary of State under the Illinois Non-Resident Motorist Act; and, second, whether the trial court's finding that Prestige did not prove O'Hara's non-cooperation, and its own diligence in eliciting O'Hara's cooperation, is against the manifest weight of the evidence.

## I.

With respect to the first issue, Prestige contends that the allowance of service of process on the Illinois Secretary of State in non-resident motorist cases is "a sham practiced upon the courts," because all the subject Act requires, in Prestige's view, are mere assertions in an affi-

davit that a defendant is a non-resident and that a defendant's last known address was an Illinois address; further, Prestige urges, the Act does not require proof that a defendant received notice of a pending suit, and thus a defendant is deprived of the proper service of process made a necessity by his right to know that a claim is being made against him.

Plaintiff, on the other hand, simply states, in essence, that all requirements set forth in the Act were met by plaintiff in the case at bar, and, consequently, jurisdiction over the person of defendant O'Hara was accomplished.

To place the proceedings below in perspective, at the time of entry of the judgment against O'Hara on February 24, 1970, the court had before it the affidavit of compliance, drawn by plaintiff's attorney and required by the Act, which stated: "3. On information and belief, defendant was a resident of this State but subsequently became a non-resident of this State. Defendant's last known address is 5712 N. Winthrop, Chicago, Illinois." The affidavit of compliance had been admitted into evidence without objection. The court, in rendering the judgment against O'Hara, recited that the defendant had been "* * * served with summons by service upon the Secretary of State as in the Statute made and provided * * *" and "* * * this Court having jurisdiction of the parties * * * and being fully advised in the premises * * *."

■■ The constitutionality of "substituted service of process" was determined by the United States Supreme Court in the case of *Hess v. Pawlowski* (1927), 274 U.S. 352, 71 L.Ed. 1091, 47 S.Ct. 632, and, in Illinois, our Supreme Court had occasion to discuss substituted service —and specifically the statute which is the subject of this case—in *Ogdon v. Gianakos* (1953), 415 Ill. 591, 114 N.E.2d 686. Regarding the power to be exercised under the provisions of the Act, the Illinois Supreme Court, following the rationale set down in *Hess*, stated, at page 597:

> "The appointment by the legislature of the Secretary of State as an agent of a defendant for service of process in suits arising from the defendant's operation of a motor vehicle upon the highways of the State has been held a valid exercise of the police power based upon the right of the State to regulate the use of its highways for their protection, and the protection of persons and property within the State. [Citation.]"

It is clear, then, that the sections of the Motor Vehicle Act which allow for substituted service upon the Secretary of State in non-resident motorist cases can be reconciled with the stringent rules regarding ser-

vice of process upon individuals set forth in the Illinois Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, sec. 13.2), to which Prestige refers. See also *Nelson v. Miller* (1957), 11 Ill.2d 378, 386-87, 143 N.E.2d 673, 677-78.

■■ There is no doubt that a garnishment defendant, such as Prestige, may move to question the jurisdiction of the court in the original proceeding. (*Schnur v. Bernstein* (1st Dist. 1941), 309 Ill. App. 90, 32 N.E.2d 675.) The attack upon the court's jurisdiction in rendering the underlying judgment undertaken by Prestige in the instant case was collateral in nature, as more than thirty days had elapsed since its entry. (*Barnard v. Michael* (1945), 392 Ill. 130, 135, 63 N.E.2d 858; *Chiaro v. Lemberis* (1st Dist. 1960), 28 Ill.App.2d 164, 169, 171 N.E.2d 81, 84.) Consequently, Prestige had the burden of showing by "clear and strong" evidence that the trial court lacked jurisdiction over the defendant. *Espadron v. Davis* (1942), 380 Ill. 199, 202, 43 N.E.2d 962, 963.

In attempting to sustain that burden, Prestige first called into question the sufficiency of plaintiff's affidavit of compliance, contesting same on the ground that because it was based on information and belief of defendant O'Hara's non-residency, it was objectionable. However, the strength of that argument is itself put in a questionable light when reference is made to *Fitch v. Gray* (1896), 162 Ill. 337, wherein the sufficiency of an affidavit for publication was challenged; the court in *Fitch*, at page 344, stated:

> "That a defendant resides or has gone out of the State is a fact which cannot be expected, in most cases, to be known by one about to commence a suit except on the information of others, and where the fact is not to be supposed to rest in personal knowledge, but to depend upon the information of another, there would seem to be no essential difference in swearing to the fact in terms of absolute assertion or upon information and belief."

■■ Following the rationale espoused in *Fitch*, we find that the sufficiency of plaintiff's affidavit is unobjectionable, though based on information and belief.

Prestige claims further that typically it need not be shown that a defendant in a non-resident motorist case ever received personal notice of the lawsuit filed against him, and thus, the Act, whose provisions are challenged here, leads to a sham, and also the deprivation of defendants' rights. We do not agree with this position, but agree with *Barth v. Nitke* (Minn. 1964), 126 N.W.2d 452, which interpreted the Illinois Non-Resident Motorist Act.

In *Barth,* Minnesota's Supreme Court, in response to a contention that the Illinois Act requires personal service on a defendant, said, at page 456:

> "The statute does not require that notice be sent to defendant's *actual residence* but only to his 'last known address.' [citation] All that is required is that plaintiff comply in good faith, based on the best information he has been able to secure." [Emphasis in original.]

■■ For these reasons, therefore, we find that the trial court had jurisdiction over the person of defendant O'Hara by virtue of service of process on the Illinois Secretary of State under the provisions of the Illinois Non-Resident Motorist Act.

## II.

Regarding the second issue—whether the trial court's finding that Prestige did not prove O'Hara's non-cooperation and its own diligence in eliciting that cooperation is against the manifest weight of the evidence—Prestige asserted below, and calls to this court's attention here, the affirmative defenses of O'Hara's non-cooperation with Prestige, as well as its own diligence and good faith in its attempts to locate O'Hara and to elicit his cooperation.

■■ The interposition of those affirmative defenses before the garnishment court once again placed upon Prestige, as garnishee-defendant a burden of proof (*Chertack v. Santangelo* (1st Dist. 1972), 6 Ill. App.3d 201, 205, 285 N.E.2d 209, 211; *Penn v. Progressive General Ins. Co.* (1st Dist. 1966), 74 Ill.App.2d 32, 36, 219 N.E.2d 857, 859; *Cuttone v. Peters* (1st Dist. 1966), 67 Ill.App.2d 1, 4, 214 N.E.2d 499, 501; *Gianinni v. Bluthart* (1st Dist. 1971), 132 Ill.App.2d 454, 463, 270 N.E.2d 480, 486), and the burden to be sustained by Prestige in asserting the defenses was proof by a preponderance of the evidence. (*Penn v. Progressive General Ins. Co.,* 74 Ill.App.2d 32, 36.) The court below found that Prestige failed to sustain its burden, resolving the issues in plaintiff's favor, and this court is not in a position to overturn the trial court's decision unless—from a thorough perusal of the record presented here—we find the decision to be manifestly against the weight of the evidence admitted in the trial court. *State Farm Fire & Casualty Co. v. First National Bank & Trust Co. of Pekin* (3rd Dist. 1972), 2 Ill.App.3d 768, 772, 277 N.E.2d 536, 539; *Duffy v. Ft. Dearborn Casualty Underwriters* (1st Dist. 1933), 270 Ill.App. 143, 149.

■■ The record in this case and the proffered evidence it reflects, both of which this court has reviewed carefully, supports the garnishment

court's order, and we therefore accordingly find that the court's decision is wholly supported by the evidence, rather than being against its mani-. fest weight.

### III.

Prestige appears to believe that its failure to prove due diligence was bottomed on its failure to appear and defend in the original proceeding against O'Hara. It complains that it did not have and could not obtain the authorization from O'Hara essential to enable it to act, through its attorneys, as O'Hara's "legal representative" in that proceeding. Hence, it had no choice but to do what it did (namely, nothing) in respect of that proceeding. To emphasize its position, it asks us to suggest what else it could have done.

Prestige misapprehends the basis for the finding that it failed to prove its due diligence. The basis is not its mere failure to appear and defend in the original proceeding against O'Hara, but rather its whole course of conduct both before[1] and after it received notice of that proceeding in May, 1969. In a sense, its failure to appear and defend is simply a consequence of that underlying course of conduct.

Of special interest in this regard is the lengthy discussion of alternatives available to public liability insurance carriers set down by this court in *Apex Mutual Insurance Co. v. Christner* (1st Dist. 1968), 99 Ill.App.2d 153, 240 N.E.2d 742.

We recognized in *Apex* the urgent strategical problem an insurance company faces when an injured party brings an action against an insured and an investigation reveals a breach of condition or essential fact which tends to place a claim outside the policy's coverage; that is, whether or not to defend the insured in court.

■■ In the case before us, Prestige failed to avail itself of any of the alternatives set forth in the *Apex* case. This is not to say, though, that Prestige necessarily would have met with success had either course—declaratory relief or defending under a reservation of rights—been pursued; the question of probable success in those pursuits is not before this court for review. However, Prestige indeed chose a strategy: inaction, looking on while the original action proceeded to the entry of a judgment against O'Hara, which judgment later underpinned the decision of the garnishment court adverse to Prestige.

---

[1] The record indicates Prestige first received notice of the November 2, 1963 accident on November 4, 1963; and on April 1, 1964, by letter, acknowledged the lien. of plaintiff's attorney.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS, P. J., and HAYES, J., concur.

