CORINE DUKE, Plaintiff-Appellee, *v.* FAITH G. PAUL, Defendant-Appellant.

(No. 58628;

First District (4th Division)—June 12, 1974.

*Rehearing denied July 9, 1974.*

Klohr, Braun, Lynch & Smith, of Chicago (John J. Treacy, of counsel), for appellant.

Barry H. Greenburg, of Chicago, for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

This appeal arises from an automobile accident that occurred on February 22, 1968. On March 6, 1969, the plaintiff filed a complaint against the defendant-appellant seeking recovery for personal injury and property damage. A summons was also filed on March 6, 1969 and directed that the defendant be served at 5000 S. Cornell, Chicago, Illinois. However, it was returned "defendant not found" on April 2, 1969. An alias summons was issued on July 1, 1969, and served by the sheriff of Sangamon County on the Department of Motor Vehicles through Velma Green, agent, on July 25, 1969. There was no further action in the matter until March 2, 1971 when the case was dismissed for want of prosecution.

On March 16, 1971, the plaintiff made a motion to vacate the dismissal for want of prosecution and the trial court allowed the motion. Thereafter, service of summons was had upon the Illinois Secretary of State pursuant to the Illinois nonresident motorist statute. (Ill. Rev. Stat. 1969, ch. 95½, par. 10-301.) On March 25, 1971, the plaintiff's attorney filed an affidavit of compliance in which he stated that on personal inquiry at the last known address[1] of the defendant he found that she had moved to California and that the building management had no forwarding address for her. Plaintiff's attorney also stated that on March 19, 1971, the Illinois Secretary of State received copies of the summons and complaint and on March 24, 1971, he mailed a copy of the summons and complaint to the defendant at her last known address, all in compliance with the nonresident motorist statute.

The defendant failed to appear and on May 3, 1971, a default order was entered. On May 26, 1971, there was a prove up on the default and a judgment was entered against the defendant in the sum of $2,500, plus costs. In December of 1971, attorneys who had been retained by the defendant's insurance company, Preferred Risk National Insurance Co. (hereinafter Preferred), entered a special appearance on behalf of the defendant and moved to quash the Secretary of State service. A petition in support of the motion was filed and the defendant's attorney contended that the plaintiff's affidavit of compliance did not affirmatively establish that the defendant was a non-resident of Illinois so as to bring her within the provisions of the Illinois nonresident motorist statute. It was also stated that Preferred did not learn of the purported service

---

[1] The last known address for the defendant was 5000 Cornell, Chicago; Illinois.

on the defendant, the subsequent order of default and the ex parte judgment, until December 14, 1971. The petition further stated that the last known address of the defendant was 1702 Kewald Avenue, Honolulu, Hawaii, but that Preferred had not been able to contact or secure a response from the defendant at that address. On March 27, 1972, a hearing was held on the motion to quash service and the trial court denied the motion.

On July 7, 1972, the defendant's attorneys filed a motion to vacate the default judgment pursuant to subparagraph (e) of our nonresident motorist statute. (Ill. Rev. Stat. 1971, ch. 95½, par. 10—301(e).) In a petition supporting the motion the defendant's attorneys stated that the defendant had moved from Illinois to Hawaii on June 30, 1968, and had arrived in Hawaii on August 3, and that since then, the defendant resided at 1702 Kewald, Honolulu, Hawaii. It was further stated, "That subsequent to the date of the accident in question, the defendant received no notice, written or oral, or by way of process served personally or by mail or otherwise of the pendency of this action against her, until February 7, 1972, when she received a letter from her insurer, Preferred Risk Mutual Insurance Company, seeking to confirm her present whereabouts." The petition requested that the defendant be allowed to plead to the merits of the plaintiff's complaint. An affidavit of the defendant giving essentially the same information was attached to the petition. The trial court continued the motion until October 19, 1972, but gave leave to the plaintiff to take the deposition of the claims manager of Preferred and stayed all other proceedings in the matter.

In the discovery deposition of Preferred's claims manager, a Mr. Beece, it was learned that the defendant had written a letter to Preferred on May 5, 1968, stating that over a month ago she had sent Preferred a letter from the plaintiff's lawyer and that he claimed that he had not heard from Preferred. She advised Preferred to take action quickly because she was moving from Illinois in June. It was also learned that Preferred had written a letter to the defendant's father on August 29, 1969, informing him of the suit against his daughter and requesting a forwarding address for the defendant. This letter was returned to Preferred with a notation that the defendant was now residing at 1702 Kewald, Honolulu, Hawaii.

On November 9, 1972, a hearing on the defendant's motion to vacate the default judgment was held. At this hearing the plaintiff's attorney informed the court of certain letters between himself, Preferred, and the defendant's attorneys regarding whether service of summons had been effectively served upon the defendant. Plaintiff's counsel also informed the court that in 1968 and 1969 he had certain conversations

with Mr. Beece in regards to locating the defendant and that Beece informed him that she was gone and counsel was "out of luck." At the conclusion of the hearing the trial court denied the motion to vacate the default judgment. In regards to its ruling, the court stated:

> "It is denied on the grounds the statute is not mandatory but leaves it to the discretion of the Court and secondly that in view of the correspondence and the documents submitted by the Plaintiff this afternoon, unchallenged by the Defendant as being proper and appropriate that there was notice through the insurance company and through the lawyers for the insurance company to the Defendant, that her rights have not been abrogated or denied in any significant way."

The order entered by the trial court on November 9, 1972, stated that the court having heard argument on the defendant's motion to vacate the judgment heretofore entered and or quash the service of summons, the defendant's motion to quash the service of summons is denied and the motion to vacate the default judgment heretofore entered is denied.[2] The defendant contends the trial court erred in denying both the motion to quash service of summons and the motion to vacate the default judgment. We do not agree.

■■ In this case service of process was had upon the defendant through the Illinois nonresident motorist statute. The statute provides for a means of substituted service of process when a cause of action arises out of the use and operation of a motor vehicle on the highways of Illinois by a person or his duly authorized agent or employee who is a nonresident of this State at the time the cause of action arises or who subsequently becomes a nonresident. In such cases service of process can be accomplished by serving a copy on the Secretary of State or any employee designated by him to accept such service for him or by filing a copy of the service in the Secretary of State's office together with the prescribed fee. The statute also requires that within 10 days after the service is served or filed with the Secretary of State that the plaintiff send to the defendant by registered mail at the defendant's last known address, notice of such service and a copy of the summons. The plaintiff is also required by the statute to attach an affidavit of compliance to the summons. The defendant maintains that in regards to the motion to quash service of summons there was nothing in the record at the time the default judgment was entered that established that the defendant was, as of March, 1971, a nonresident of

---

[2] The record is silent and counsel for neither side has adequately informed this court as to how the issue of quashing the service of summons was raised again in the trial court.

Illinois and, therefore, the trial court erred in not quashing the service of summons. This contention is totally devoid of any merit.

In deciding whether the trial court obtained jurisdiction over the defendant, it is necessary to examine the plaintiff's affidavit of compliance because as was stated in *Rompza v. Lucas*, 337 Ill.App. 106, 116, 85 N.E.2d 467, 472 (1949), "It is therefore from the contents of the affidavit of compliance that the court determines its jurisdiction." The plaintiff's attorney, as stated previously, filed an affidavit of compliance on March 25, 1971, in which he stated that the defendant resided at 5000 Cornell, Chicago, Illinois, but that on due inquiry she could not be found in Illinois. It was further stated, "That your affiant on personal inquiry at the last known address of the defendant found she moved to California, the building management had no forwarding address." Plaintiff's counsel also stated that on March 19, 1971, the Secretary of State received copies of the summons and complaint and that on March 24, 1971, he sent a copy of the summons and complaint to the defendant at her last known address. It is clear from the record that the defendant was as of March, 1971, a nonresident of Illinois, and therefore, substituted service could be accomplished on her pursuant to the provisions in our nonresident motorist statute. Plaintiff's counsel made a personal inquiry at the defendant's last known address and was told she had moved out of Illinois. This was sufficient information for the plaintiff to then make use of the Illinois nonresident motorist statute. The affidavit of compliance also establishes that all the other requirements of the statute were fulfilled. The defendant alludes to the fact that the notice sent to the defendant was sent to 5000 Cornell, Chicago, Illinois, where she did reside. However, this was the last known address of the defendant and all the statute requires is to send the notice to the defendant's last known address. As was stated in *Barth v. Nitke*, 267 Minn. 331, 337, 126 N.W. 2d 452, 456 (1964), in which the Minnesota Supreme Court interpreted the Illinois nonresident motorist statute, "The statute does not require that notice be sent to defendant's *actual residence* but only to his 'last known address'. (Ill. Rev. Stat. 1963, ch. 95½, § 9—301(b).) All that is required is that plaintiff comply in good faith based on the best information he has been able to secure." (Emphasis in original.) We are of the opinion that the plaintiff in the case at bar proceeded in good faith and that all the requirements of the Illinois nonresident motorist statute were met. The trial court did not, therefore, err in denying the defendant's motion to quash the service of summons.

The defendant also contends that the trial court erred in denying the motion to vacate the default judgment. The defendant's contention is that pursuant to subparagraph (e) of our nonresident motorist statute

the trial court should have vacated the default judgment and given her leave to plead to the merits of the case. The statute in pertinent part states:

> "When a final judgment is entered against any non-resident defendant who shall not have received notice and a copy of the process by registered mail, required to be sent him as above provided, and such person, his heirs, devisees, executor, administrator or other legal representatives, as the case may require, shall within one year after the notice in writing given him of such judgment, or within 5 years after such judgment, if no such notice has been given, as aforesaid, appear in open court and petition to be heard touching the matter of such judgment, and shall pay such costs as the court may deem reasonable in that behalf, the person so petitioning may appear and answer the plaintiff's allegations, and thereupon such proceeding shall be had as if the defendants had appeared in due season and no judgment had been rendered. And if it appears upon the hearing that such judgment ought not to have been made against such defendant, the same may be set aside, altered or amended as shall appear just; otherwise, it shall be ordered to stand confirmed against such defendant. * * *" (Ill. Rev. Stat. 1971, ch. 95½, par. 10—301(e).)

The defendant's contention is that she did not receive the requisite notice and a copy of the process by registered mail and, therefore, the default judgment should have been vacated. However, a careful reading of the statute reveals that when a defendant does not receive the notice and a copy of the process by registered mail he is not automatically entitled to have the judgment vacated. The statute allows such an unnotified defendant to appear and answer the plaintiff's allegations and then a proceeding shall be had as if the defendant had appeared in due season and no judgment had been rendered. At this proceeding if it appears that the judgment should not have been entered against the defendant then it can be vacated, altered or amended; otherwise it stands as originally entered. There is, therefore, no automatic right to have a default judgment vacated upon a showing that the defendant did not receive the notice and a copy of the process as required by the statute.

The defendant maintains she was a nonresident defendant who did not receive notice and a copy of the process by registered mail. The petition in support of the motion to vacate and the defendant's affidavit attached thereto stated that defendant had not received any notice or communication concerning the accident or law suit until she received a

letter from Preferred in February of 1972. However, the trial court, as previously stated, was of the opinion that in view of the correspondence and the documents submitted by the plaintiff at the hearing on the motion to vacate the default judgment and which were unchallenged by the defendant that there was notice to the defendant through Preferred and the attorneys for Preferred. We agree.

Subparagraph (e) of our nonresident motorist statute was intended to afford an unnotified defendant an opportunity to plead to the merits of a case and avoid a default judgment. In this respect the statute is in agreement with the general proposition of law that courts do not favor default judgments. However, this section of the statute was not intended to reward dilatory and evasive tactics of a defendant's insurance carrier. The record in the case at bar shows that the defendant's insurance carrier, Preferred, knew of the pendency of the suit and as of May 5, 1968, knew that the defendant was leaving the State of Illinois. Preferred also knew in late August of 1969 the new address of defendant in Hawaii. There was also correspondence between the plaintiff's attorney, Preferred, and the attorneys for the defendant as to whether proper service had been made upon the defendant. In addition, plaintiff's attorney contacted Mr. Beece, the claims manager of Preferred, in regards to locating the defendant. Preferred had a contractual obligation with the defendant to defend this suit and indeed Preferred retained attorneys on defendant's behalf. However, having all the knowledge previously cited, Preferred chose to do nothing until a default judgment was entered. It was not the intention of our State Legislature in providing a means for an unnotified defendant to avoid a default judgment to allow a factual situation such as the case at bar to come within the ambit of section (e) of our nonresident motorist statute. A defendant's insurance carrier cannot embark upon its contractual obligation to defend a suit and then do nothing until a default judgment is entered and then seek to utilize section (e) of the Illinois nonresident motorist statute. To allow such actions would pervert the purpose of the statute and sanction dilatory and evasive conduct. This cannot be done. Therefore, it is the opinion of this court that the trial court was correct in denying the defendant's motion to vacate the default judgment.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.