GEORGE A. HATCHER *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* KENT A. ANDERS, Defendant-Appellee and Cross-Appellant.

Second District   No. 82—868

Opinion filed August 19, 1983.

Donald L. Puckett and Tris Michels Baker, both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellants.

John Dreyer, of Dreyer, Foote & Streit, of Aurora, for appellee.

JUSTICE NASH delivered the opinion of the court:
Plaintiffs, George A. Hatcher and Carol J. Hatcher, appeal from an order of the circuit court vacating a default judgment against defendant, Kent A. Anders, and defendant cross-appeals from that portion of the order denying his motion to quash service of summons.

We first consider the cross-appeal.

On September 8, 1979, plaintiffs' automobile was struck in the rear by an automobile driven by defendant. This action for damages was commenced and a summons directed to defendant was issued on August 21, 1981, and subsequently returned by the sheriff as not found with the following notation: "Unable to locate in Lee Co., Ill. Subject AWOL from Armed Service in Tenn." Plaintiffs then sought to serve defendant by delivering a summons to the Secretary of State pursuant to the provisions of section 10—301 of the Illinois Vehicle Code (Vehicle Code) (Ill. Rev. Stat. 1981, ch. 95½, par. 10—301). Defendant failed to appear and on March 12, 1982, an order of default was entered against him on plaintiffs' complaint. Damages were proved on April 16, 1982, and judgment entered in favor of George Hatcher for $5,000 and Carol Hatcher for $7,000. At no time prior to the entry of the default judgment did plaintiff file an affidavit regarding defendant's military status as required under the provisions of the Soldiers' and Sailors' Civil Relief Act (Relief Act) (50 U.S.C.A. App. sec. 501 et seq. (1981)).

Thereafter, on August 20, 1982, defendant entered his "Special Appearance Contesting Jurisdiction and Motion to Vacate," supported by affidavit in which he alleged that at the time of the occurrence defendant was a resident of Illinois; after the accident defendant was inducted into the United States Marine Corps and he was assigned to duty stations in California and Tennessee; and, that since discharge defendant continues to reside in Illinois. Defendant further alleged he was never a nonresident of Illinois and, accordingly, substituted service of process upon the Secretary of State was insufficient to confer jurisdiction on the court. He also alleged that plaintiffs' failure to file an affidavit of military service prior to the entry of default judgment requires vacation of the judgment pursuant to the provisions of the Relief Act. Plaintiffs offered no response or counteraffidavits.

After hearing on October 6, 1982, the trial court denied defendant's motion to quash the substituted service upon the Secretary of State and granted defendant's motion to vacate the default judgment. Plaintiffs appeal and defendant cross-appeals.

Service of a summons is a prerequisite to obtaining jurisdiction over a party and, if a defendant has not been properly served, any order the court enters against him is void *ab initio* regardless of whether he had actual knowledge of the proceedings. (*In re Adoption of Miller* (1982), 106 Ill. App. 3d 1025, 1028-29, 436 N.E.2d 611, 614-15; *Stankowicz v. Gonzalez* (1981), 103 Ill. App. 3d 828, 831-32, 431 N.E.2d 1272, 1274.) A void judgment may be attacked at any time,

either directly or collaterally. *Stankowicz v. Gonzalez* (1981), 103 Ill. App. 3d 828, 831-32, 431 N.E.2d 1272, 1274; *Clinton Co. v. Eggleston* (1979), 78 Ill. App. 3d 552, 557, 397 N.E.2d 183, 187.

Section 10—301 of the Vehicle Code provides for service upon nonresidents of the State against whom a claim arising from the use of a motor vehicle in this State has been made through service upon the Secretary of State:

"(a) The use and operation by any person or his duly authorized agent or employee of a vehicle over or upon the highways of the State of Illinois, shall be deemed an appointment by such person of the Secretary of State to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally *if such person is a non-resident of this State or at the time a cause of action arises is a resident of this State but subsequently becomes a non-resident of this State,* or in the event the vehicle is owned by a non-resident and is being operated over and upon the highways of this State with said owner's express or implied permission." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 95½, par. 10—301.)

If the requirements of the statute have been met, the service is valid even if the defendant did not receive actual notice of the litigation. (*Kress v. O'Hara* (1973), 14 Ill. App. 3d 54, 58-59, 302 N.E.2d 123, 126, *appeal denied* (1974), 55 Ill. 2d 602.) Moreover, this form of substituted service has long been held to comport with the requirements of due process. *Hess v. Pawloski* (1927), 274 U.S. 352, 71 L. Ed. 1091, 47 S. Ct. 632; *Ogdon v. Gianakos* (1953), 415 Ill. 591, 114 N.E.2d 686.

■ The parties appear to agree that defendant was a resident of Illinois at the time of the occurrence. Thus, the issue presented is whether defendant, by reason of his absence from Illinois during military service, became a nonresident for purposes of section 10—301. The definitions contained in the Vehicle Code are of little assistance. Section 1—173 provides that "[e]very natural person who resides in this state shall be deemed a resident of this State." (Ill. Rev. Stat. 1981, ch. 95½, par. 1—173.) Conversely, "nonresident" is defined as "[e]very person who is not a resident of this State." (Ill. Rev. Stat. 1981, ch. 95½, par. 1—149.) Although there are no cases defining res-

ident for the purposes of the Code, the Source Comment to section 1—173 states:

"There had been no determination prior to adoption of the Motor Vehicle Law of 1957 by Illinois courts of whether or not the term *resident* was synonymous with the term domicile in regard to natural persons, but it had *generally been regarded as having the same meaning as domicile* by the enforcement authorities." (Emphasis added.) (Ill. Ann. Stat., ch. 95½, par. 1—173, Source Comment, at 58 (Smith-Hurd 1971).)

This comment is consistent with the long-standing rule that although the terms "residence" and "domicile" have different shades of meaning, they are generally construed synonomously when used in statutes unless their meaning is limited by express definition or by the context of the act. (*Miller v. Police Board* (1976), 38 Ill. App. 894, 897, 349 N.E.2d 544, 548, *appeal denied* (1976), 63 Ill. 2d 557; *In re Estate of Quinn* (1936), 283 Ill. App. 597, 604-05, *appeal denied*.) Since there is no express definitional limitation contained in the Vehicle Code and it appears to contemplate a synonomous definition, we consider that, for purposes of the Vehicle Code, the term "resident" is synonomous with "domicile."

■ Thus the question is whether defendant's induction into the military and absence from the State during service constituted a change of domicile. We think not. A person can have only one domicile or permanent residence and once it is established it is retained until a new domicile is acquired. (*Schultz v. Chicago City Bank & Trust Co.* (1943), 384 Ill. 148, 156-57, 51 N.E.2d 140, 144; *In re Marriage of Weiss* (1980), 87 Ill. App. 3d 643, 647, 409 N.E.2d 329, 333.) Affirmative acts must be proved to sustain the abandonment of an Illinois residence and a temporary absence from the State, no matter how protracted, does not equate with abandonment. (*Hughes v. Illinois Public Aid Com.* (1954), 2 Ill. 2d 374, 380-81, 118 N.E.2d 14, 17-18; *Davis v. Davis* (1973), 9 Ill. App. 3d 922, 926, 293 N.E.2d 399, 403, *appeal denied* (1973), 53 Ill. 2d 607.) To establish a new domicile, a person must physically go to a new home and live there with the intention of making it his permanent home. (*Keck v. Keck* (1974), 56 Ill. 2d 508, 514, 309 N.E.2d 217, 220; *Stilwell v. Continental Illinois National Bank & Trust Co.* (1964), 31 Ill. 2d 546, 548-49, 202 N.E.2d 477, 478.) Only when abandonment has been proven is residence lost. (*Stein v. County Board of School Trustees* (1968), 40 Ill. 2d 477, 479, 240 N.E.2d 668, 669.) Once a residence has been established, it is presumed to continue until the contrary is shown, and the burden of proof is on the person who claims there has been a change. *In re Es-*

*tate of Jackson* (1977), 48 Ill. App. 3d 1035, 1038, 363 N.E.2d 919, 921; *Powers v. Kelley* (1967), 83 Ill. App. 2d 289, 296-97, 227 N.E.2d 376, 380; *In re Estate of McCalmont* (1958), 16 Ill. App. 2d 246, 255-56, 148 N.E.2d 23, 27-28.

■ Defendant established through his uncontradicted motion to quash and supporting affidavit that he is now and was at the time of the occurrence a resident of Illinois. The only fact upon which plaintiffs could rely to show nonresidence is defendant's temporary absence from Illinois during his military service. However, absent an intent to change residence or domicile, a mere absence from the State for military service is insufficient to show change of residency. (See *Foster v. Holt* (1953), 237 N.C. 495, 75 S.E.2d 319.) No evidence of an intent on the part of defendant to change his domicile appears in the record, and plaintiffs have not sustained their burden of proof to overcome the presumption of a continuing residency in this State. Accordingly, as defendant was not a nonresident of Illinois, substituted service of process upon the Secretary of State did not confer personal jurisdiction over him in the trial court.

We find support for this conclusion in State and Federal statutes which provide that absence from, or presence in, a State due to military service is insufficient, standing alone, to constitute a change of residence. Section 3—2 of the Illinois Election Code (Ill. Rev. Stat. 1981, ch. 46, par. 1—1 *et seq.*) states that "[n]o elector or his spouse shall be deemed to have lost his or her residence in any *** election district in this State by reason of his or her absence on business of the United States, or of this State." (Ill. Rev. Stat. 1981, ch. 46, par. 3—2.) Additionally, the United States Code provides that for purposes of State taxation on an individual

"such person shall not be deemed to have lost a residence or domicile in any State, Territory, possession, or political subdivision of any of the foregoing, or in the District of Columbia, solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a residence or domicile in, or to have become resident in or a resident of, any other State, Territory, possession, or political subdivision of any of the foregoing, or the District of Columbia, while, and solely by reason of being, so absent." (50 U.S.C.A. App. sec. 574 (1981). See also Ill. Const. 1870, art. VII, secs. 4, 5.)

We conclude the trial court erred in denying defendant's motion to quash substituted service of summons upon him and its judgment is reversed and the cause remanded with directions to enter an order quashing service of summons and vacating the judgments against

defendant.

The disposition of defendant's cross-appeal renders plaintiffs' appeal moot, and we need not consider the further arguments of the parties.

Reversed and remanded with directions.

HOPF and VAN DEUSEN, JJ., concur.