ALLIED AMERICAN INSURANCE COMPANY, as subrogee of James Jarrett, Plaintiff-Appellee, *v.* ADAM MICKIEWICZ, Defendant-Appellant.

First District (1st Division)   No. 83—1296

Opinion filed May 29, 1984.

Edward R. Burr, of Chicago, for appellant.

George J. Guest, of Chicago (Thomas F. Patrasso, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff insurer, Allied American Insurance Company (Allied), brought this action as subrogee of its insured to recover funds paid under the uninsured motorist provisions of an automobile insurance policy. Allied filed its complaint on March 11, 1982, alleging that defendant, Adam Mickiewicz, had negligently operated his automobile which proximately resulted in injury and death to its insured. Plaintiff further alleged that by virtue of a policy of insurance in force at the time, it was thereby compelled to pay over $9,000 in claims to the estate and heirs of the insured. Allied, as subrogee, sought reimbursement from defendant for the funds so paid.

A summons was placed with the sheriff of Cook County with directions to attempt service on the defendant at 4622 South Mozart in Chicago, Illinois. On April 4, 1982, the initial summons was returned "not found," "wrong address." An alias summons was issued on July 16, 1982, for service at the same address but was again returned "not found." The sheriff's return indicated that defendant had moved and left no forwarding address.

Plaintiff then sought to serve defendant by delivering a summons to the Illinois Secretary of State pursuant to the provisions of section 10—301 of the Illinois Vehicle Code for service of process on nonresident motorists. (Ill. Rev. Stat. 1981, ch. 95½, par. 10—301.) Another alias summons issued on November 3, 1982, with instructions to serve the Secretary of State and was certified by that office as having been accepted on November 16, 1982. On December 17, 1982, plaintiff's attorney filed a preprinted form affidavit wherein he swore "on information and belief the defendant is a non-resident of the State of Illinois or was a resident of this State and subsequently became a non-resident of this State." Along with this affidavit, plaintiff's attorney filed a copy of the alias summons served upon the Secretary of

State. On February 8, 1983, an *ex parte* judgment was entered against defendant for $9,000 plus costs.

Thereafter, on April 12, 1983, pursuant to the provisions of section 2—301 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—301), defendant filed a special appearance contesting jurisdiction over his person and moved to quash service of summons and vacate judgment. In support of his motion, defendant submitted an affidavit wherein he stated:

"1. At all times mentioned in the Complaint filed herein and continuously thereafter to the present time, your affiant has been and is an actual resident of the State of Illinois.

2. At no time since the date of the occurrence alleged in said Complaint has your affiant moved from the State of Illinois, and, further, affiant has remained an actual resident of the State of Illinois."

Plaintiff never moved to strike defendant's affidavit, nor did it proffer any counteraffidavit.

On April 22, 1983, after hearing the arguments of counsel, the trial court entered an order denying defendant's motion. The court stated that

"[d]efendant's affidavit, which states that he was and is a resident of the State of Illinois at all applicable time [*sic*], is a conclusion and insufficient to raise the issue of residency."

Defendant appeals from this order of the trial court arguing that his affidavit was proper and that the trial court erred in refusing to quash service of summons and vacate the *ex parte* judgment. We agree.

■ In order to obtain jurisdiction over the person of defendant, proper service of summons is required. (*In re Adoption of Miller* (1982), 106 Ill. App. 3d 1025, 1028-29, 436 N.E.2d 611.) Where a court does not have personal jurisdiction over the defendant, any order it enters against him is void *ab initio* and subject to direct or collateral attack at any time. *Hatcher v. Anders* (1983), 117 Ill. App. 3d 236, 237-38, 453 N.E.2d 74.

■ In the present case, service of process was made pursuant to section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 10—301), frequently referred to as the nonresident motorist statute. Under this statutory provision, substituted service of process on the defendant may be obtained by serving the Illinois Secretary of State, provided that the claim arises from the use of a motor vehicle within this State, the defendant is a nonresident or subsequently becomes a nonresident, and notice of the action is sent to the nonresi-

dent defendant's last known address. A party claiming substituted service under the nonresident motorist statute must demonstrate strict compliance with every requirement of the statute. (*Rompza v. Lucas* (1948), 337 Ill. App. 106, 113, 85 N.E.2d 467.) This is accomplished by submitting an affidavit of compliance to the court. (337 Ill. App. 106, 113-16.) Where the requirements of section 10—301 are met, the service is valid and the court has jurisdiction over the person of the nonresident defendant even if the defendant never receives actual notice of the litigation. *Ogdon v. Gianakos* (1953), 415 Ill. 591, 114 N.E.2d 686; *Hatcher v. Anders* (1983), 117 Ill. App. 3d 236, 453 N.E.2d 74.

■ Clearly, substituted service on the Secretary of State pursuant to the nonresident motorist statute will confer no jurisdiction over the person of an Illinois resident. The plain language of the statute permits substituted service only where the defendant "is a non-resident of this State or at the time a cause of action arises is a resident of this State but subsequently becomes a non-resident of this State." (Ill. Rev. Stat. 1981, ch. 95½, par. 10—301(a).) We believe defendant's unrebutted affidavit sufficiently demonstrated his continuous residency in Illinois and therefore his motion to quash service of summons and vacate judgment should have been granted.

■ Plaintiff argues that defendant's affidavit was not in compliance with Supreme Court Rule 191 (73 Ill. 2d R. 191) because it consists of mere conclusions rather than evidentiary facts. As recently noted in *Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 576, 442 N.E.2d 648, "the rule [Supreme Court Rule 191] is satisfied if from the document as a whole it appears the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents ***." Here, defendant's residency is a matter well within his personal knowledge and certainly he could competently testify to the information contained in his affidavit. We do not find the contents of defendant's affidavit so conclusory as to warrant denial of defendant's motion.

■ We also note that the only evidence of record rebutting defendant's affidavit consists of the affidavit of compliance submitted by plaintiff's attorney wherein he states on "information and belief" that defendant was a nonresident of this State. Counteraffidavits consisting of allegations based on information and belief are insufficient to rebut an affidavit consisting of the positive averments of fact based upon an affiant's personal knowledge. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, *cert. denied* (1972), 408

U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.) Accordingly, defendant's unrebutted affidavit established his Illinois residency and the substituted service of process pursuant to the nonresident motorist statute was improper. The court rendering judgment against defendant had no jurisdiction over his person and the *ex parte* judgment was therefore void and should have been vacated.

While the foregoing effectively disposes of the present appeal, we believe it is necessary to comment on the affidavit of compliance submitted by plaintiff's counsel. From the briefs and arguments before us, it is apparent that counsel improperly used a form affidavit alleging defendant's nonresidency on "information and belief."

In *Kress v. O'Hara* (1973), 14 Ill. App. 3d 54, 302 N.E.2d 123, the court held that an affidavit of compliance is not *per se* objectionable because it is based on information and belief of defendant's nonresidency. Quoting the early case of *Fitch v. Gray* (1896), 162 Ill. 337, 44 N.E. 726, the court noted:

> " 'That a defendant resides or has gone out of the State is a fact which cannot be expected, in most cases, to be known by one about to commence a suit except on the information of others, and where the fact is not to be supposed to rest in personal knowledge, but to depend upon the information of another, there would seem to be no essential difference in swearing to the fact in terms of absolute assertion or upon information and belief.' " (*Kress v. O'Hara* (1973), 14 Ill. App. 3d 54, 58, quoting *Fitch v. Gray* (1896), 162 Ill. 337, 344.)

However, as the above quote indicates, *Kress* does not eliminate the requirement that the affiant so swearing have some information from others upon which the affiant may reasonably conclude that the defendant is not a resident of Illinois.

In the present case, plaintiff's counsel relied solely upon the information obtained from the sheriff's returns. The first return was marked "not found," "wrong address." The second return indicated defendant had "moved and left no forwarding address" and that defendant's whereabouts were not ascertainable. We do not believe this constitutes the type of information upon which one may leap to the conclusion that defendant is a nonresident of Illinois.

■ The facts of the present case stand in sharp contrast to those in *Duke v. Paul* (1974), 20 Ill. App. 3d 500, 314 N.E.2d 517, where plaintiff's attorney submitted an affidavit of defendant's nonresidency based on information and belief after he had made personal inquiries and was told that defendant had moved from the State. Here, the sheriff's returns relied on by plaintiff never suggested that defendant

was not a resident of this State during the times in question. Plaintiff may not assume that difficulty on the part of a deputy sheriff in attempting to serve process upon an individual is tantamount to a status of nonresidency for that individual. We further find that the filing of a form affidavit alleging defendant's nonresidency on "information and belief" to be no substitute for the attorney making personal inquiry regarding such allegations.

In view of the foregoing, the order appealed from is reversed and the cause remanded with directions to enter an order quashing service of summons and vacating judgment against defendant.

Reversed and remanded, with directions.

McGLOON and CAMPBELL, JJ., concur.