LUPE GIRALAMO, Plaintiff-Appellee, v. DANIEL O'CONNELL, Defendant-Appellant.

First District (3rd Division)   No. 85—1483

Opinion filed June 25, 1986.

Gerald W. Saperstein, of Skokie, for appellant.

Tom V. Mathai, of Legal Aid Bureau, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Lupe Giramalo, filed suit against defendant, Daniel O'Connell, to recover property damage resulting from an automobile collision.

Service of process was made on defendant through the Secretary of State pursuant to the nonresident motorist provision of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 10—301). Plaintiff obtained a default judgment against defendant, and defendant's motion to quash the service and vacate the judgment was denied. Defendant appeals the denial of his motion for reconsideration contending that, since he was an Illinois resident, the service was improper and the judgment was void.

On October 10, 1982, the parties were involved in an automobile accident in Cook County. On August 4, 1983, plaintiff filed suit against defendant seeking to recover $492 in property damage. Service of process was attempted on defendant at a Chicago address. On August 19, 1983, the summons was returned indicating that defendant was not served because he was not listed at that address. On October 12, 1983, defendant was served through the Secretary of State pursuant to the Code, which provides for service upon nonresident motorists. The accompanying affidavit filed by plaintiff's attorney stated that a careful investigation revealed that defendant was a nonresident of Illinois or was a resident who subsequently became a nonresident. On February 29, 1984, a default judgment was entered against defendant with personal jurisdiction based upon the substituted service on the Secretary of State.

On June 7, 1984, defendant received a letter from the safety responsibility section of the Secretary of State's office requesting that he surrender his security deposit to satisfy the judgment against him. Defendant had paid $495 as security to the Secretary of State of June 17, 1983, to maintain his driving privileges in accordance with the safety responsibility section of the Vehicle Code. (Ill. Rev. Stat. 1981, ch. 95½, par. 7—201 *et seq.*) This letter, dated June 7, 1984, was directed to defendant at his Oak Park address. After defendant surrendered the security deposit, a release and satisfaction of judgment were filed, and a copy forwarded to the Secretary of State. On December 11, 1984, the State of Illinois issued a draft to plaintiff in the amount of $492.40 to satisfy the judgment.

On March 4, 1985, defendant filed a special appearance pursuant to section 2—301 of the Code of Civil Procedure and moved to quash service of summons and vacate the default judgment. Defendant contested the court's jurisdiction over his person on the grounds that he was an Illinois resident at the time of the accident and thereafter, and service through the Secretary of State was improper. In support of his motion, defendant filed an affidavit asserting his Illinois residency. Defendant filed no counteraffidavit, but responded that the judgment had been satisfied. On March 19, 1985, the court denied defendant's motion to quash and subsequently denied his motion for reconsideration on May

17, 1985.

Defendant contends that the trial court erred in refusing to quash service of summons and vacate the judgment where he was not properly served and the court had no jurisdiction over him. Plaintiff counters that after a release and satisfaction of judgment were filed, the court had vacated the judgment and dismissed the action pursuant to section 12—183(h) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12—183(h)), and the court could not entertain the special appearance or motion to quash.

■■ ■ Proper service of summons is a prerequisite to obtaining personal jurisdiction over a party. (*In re Adoption of Miller* (1982) 106 Ill. App. 3d 1025, 436 N.E.2d 611.) If a defendant has not been properly served, any order which the court enters against him is void *ab initio* regardless of whether he had actual knowledge of the proceedings. (*Hatcher v. Anders* (1983), 117 Ill. App. 3d 236, 453 N.E.2d 74.) Moreover, a void judgment may be attacked at any time, either directly or collaterally. *Allied American Insurance Co. v. Mickiewicz* (1984), 124 Ill. App. 3d 705, 464 N.E.2d 1112.

■■ In the present case, service of process on defendant was made pursuant to the nonresident motorist provision of the Code. Under the statute, substituted service of process on a defendant may be obtained by serving the Secretary of State, provided that the claim arises from the use of a motor vehicle within this State, the defendant is a nonresident at the time of the accident or subsequently becomes a nonresident, and notice of the action is sent to defendant's last known address. "Clearly, substituted service on the Secretary of State pursuant to the non-resident motorist statute will confer no jurisdiction over the person of an Illinois resident." (*Allied American Insurance Co. v. Mickiewicz* (1984), 124 Ill. App. 3d 705, 708, 464 N.E.2d 1112.) Where defendant's unrebutted affidavit sufficiently demonstrated his continuous residency in Illinois, service was improper, and the judgment was void for lack of personal jurisdiction. Accordingly, defendant's motion to quash service of summons and vacate the judgment should have been granted.

■■ We reject plaintiff's argument that the release and satisfaction of a judgment preclude the attack upon the judgment. Although the action was purportedly dismissed pursuant to section 12—183(h), there can be no release and satisfaction of a void judgment. Nor was defendant required to file a special appearance before surrendering his security deposit to the Secretary of State after receipt of the letter dated June 7, 1984. That letter did not constitute service of process upon defendant nor did surrendering the security deposit constitute a general appearance or waiver of the jurisdictional objection. In fact,

530

defendant paid the security deposit in June 1983, over a month before the action was filed. There is no indication that defendant had actual knowledge of the suit against him until after the judgment and, even if he had knowledge, the judgment was unenforceable without service of process. (See *Stankowicz v. Gonzalez* (1981), 103 Ill. App. 3d 828, 431 N.E.2d 1272.) Service through the Secretary of State is not proper, absent an agency relationship. There is no statutory basis for an agency relationship where defendant was a resident of Illinois. See *Allied American Insurance Co. v. Mickiewicz* (1984), 124 Ill. App. 3d 705, 464 N.E.2d 1112; *Hatcher v. Anders* (1983), 117 Ill. App. 3d 236, 453 N.E.2d 74.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

McGILLICUDDY and WHITE, JJ., concur.