(No. 38602.—

GLADYS H. STILWELL, Appellant, *vs.* CONTINENTAL ILLI-
NOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO,
Appellee.

*Opinion filed November 24, 1964.*

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS of
Chicago, (GEORGE H. DAPPLES and JOHN E. ANGLE, of
counsel,) for appellant.

MAYER, FRIEDLICH, SPIESS, TIERNEY, BROWN & PLATT, of Chicago, (FRANK D. MAYER, PATRICK W. O'BRIEN, and JOHN N. BOLEY, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from a declaratory judgment entered in the circuit court of Cook County against the plaintiff, Gladys H. Stilwell, who had brought the action to require the defendant bank to pay plaintiff an annual pension due to the widow of Abner Stilwell, a retired employee of the defendant, Continental Illinois National Bank and Trust Company of Chicago. The primary question raised by the plaintiff is whether an Arkansas divorce obtained by Abner Stilwell before his death could act to exclude plaintiff from the classification of "widow" under the bank's pension plan. The full-faith-and-credit clause of the constitution of the United States being involved, appeal is taken directly to this court from the circuit court of Cook County.

To support plaintiff's right to the funds in question, she contends that Abner Stilwell did not establish an Arkansas domicile and, therefore, the divorce decree was not entitled to full faith and credit by this State. She further contends that even if the Arkansas decree terminated the Stilwells' marriage, an *ex parte* proceeding could not extinguish plaintiff's property right in the pension plan, and under Illinois law the plaintiff remained Abner Stillwell's widow for purposes of her rights under the pension plan.

Abner J. Stilwell, husband of the plaintiff, was a retired employee of Continental Illinois National Bank and Trust Company of Chicago, having worked for them for some period of time and having attained the position of vice-president of the bank. The bank had a pension plan which provided in part: "Any woman who shall * * * become the widow of any male pensioner * * * shall

* * * be entitled to receive during her lifetime an annual pension * * *." Gladys Stilwell and Abner Stilwell were married on December 23, 1940, and established their marital residence in the city of Chicago. Subsequent to their marriage Abner Stilwell adopted plaintiff's two minor daughters by a former marriage, both girls having since reached their majority and married. At some point in their marriage, difficulties arose between the Stilwells which led to their separation in 1950 and culminated in Mrs. Stilwell being awarded a decree of separate maintenance in 1956 by the circuit court of Cook County, pursuant to which Mr. Stilwell was obligated to pay the plaintiff $150 per month for support and maintenance. From the time of separation until late 1959 when Abner Stilwell moved to North Little Rock, Arkansas, he resided at the Atlantic Hotel in Chicago. On April 20, 1960, Abner Stilwell filed a complaint for divorce in Arkansas and on June 8, 1960, an *ex parte* decree was entered, Mrs. Stilwell being served with process in Chicago on May 5, 1960. The court granted the divorce on grounds not recognized in the State of Illinois and found Stilwell to be a *bona fide* resident of Pulaski County, Arkansas, for more than 60 days and decreed as follows: "It is, therefore, considered, ordered and decreed that the bonds of matrimony now existing between Abner J. Stilwell and Gladys H. Stilwell be cancelled, set aside and forever held for naught, and that said Abner J. Stilwell be, and he is hereby granted an absolute divorce from Gladys H. Stilwell." Approximately June 21, 1961, Abner Stilwell came to Chicago for medical treatment and died of cancer at Veterans' Administration Hospital on January 20, 1962.

It is well established that the question of domicile or residence is largely one of intention and that to establish a new domicile a person must physically go to the new home and live there with the intention of making it his permanent home. (*Hughes* v. *Illinois Public Aid Com.* 2 Ill.2d

374.) It is further clear that this court may delve into the question of domicile in evaluating the full faith and credit to be given a divorce decree obtained in another State. (*Ludwig* v. *Ludwig,* 413 Ill. 44; *Atkins* v. *Atkins,* 393 Ill. 202.) We have examined the voluminous record in this matter, recognizing that "The burden of undermining the verity which the [foreign *ex parte* divorce] decrees import rests heavily upon the assailant" (*Williams* v. *North Carolina,* 325 U.S. 226, 233, 89 L. ed. 1577, 65 S. Ct. 1092), and that "When testimony is contradictory, this court will not substitute its judgment as to the credibility of witnesses for that of the trial court which saw and heard them, and will not disturb the findings unless they are manifestly against the weight of the evidence." *Mortell* v. *Beckman,* 16 Ill.2d 209.

It is uncontroverted that Abner Stilwell went to North Little Rock, Arkansas, in the latter part of December, 1959, rented a house for a period of six months with an option to renew for six months; moved into the house on January 6, 1960, with his brother, Louis Stilwell, who came from West Virginia to live with him; paid his 1960 Arkansas poll tax; obtained his Arkansas driver's license; registered his car in Arkansas; paid his 1960 Arkansas personal property tax bill; obtained an Arkansas resident fishing license; filed a 1961 Arkansas personal property assessment; executed his will on July 31, 1961, declaring himself to be "of the City of North Little Rock, County of Pulaski and State of Arkansas", made the Union National Bank of Little Rock his executor; received his monthly bank statements in Arkansas; and on several occasions indicated to witnesses that he intended to make Arkansas his permanent residence.

Plaintiff introduced various exhibits and testimony tending to controvert other evidence in the record and to prove that Stilwell spent the last months of his life in Chicago where he was treated for cancer. However, it was

within the province of the chancellor to weigh the evidence presented, to resolve questions or credibility, and to make findings of fact. It should also be noted that the plaintiff was served with summons in the Arkansas proceeding and chose not to enter her appearance and contest the divorce.

Upon this record we find that the trial court's determination that Abner Stilwell was a *bona fide* resident of Arkansas at the time of his divorce was not contrary to the manifest weight of the evidence and should not be disturbed. We therefore conclude that the Arkansas decree was entitled to full faith and credit to the extent that it dissolved the marriage between the parties.

The plaintiff further argues that even if the divorce was valid the decree could not act to deprive her of her property rights in the pension in question and cites as authority numerous cases dealing with plaintiff's right to sequester the pension plan funds during Mr. Stilwell's lifetime in payment of the support required under the separate maintenance decree; the inchoate right of dower, the right to support payments and separate maintenance or alimony; and the right to homestead.

We do not feel these cases are controlling, as the interest claimed here is one established under a private contract which provides benefits to the "widow of the deceased pensioner". This is not a question falling under the doctrine of divisible divorce, as the Arkansas decree is not relied upon to divest plaintiff's property rights but instead to determine the marital status of Mr. and Mrs. Stilwell at Mr. Stilwell's death. For this purpose the decree must be granted full faith and credit.

In the case of *Kovats* v. *Hobby*, (S.D.N.Y.) 132 Fed. Supp. 771, 773, a valid *ex parte* Arkansas divorce was held to be fatal to the plaintiff's claim for "wife's insurance benefits" under the Social Security Act. The property rights of Mr. Stilwell in the pension plan terminated with his death and, although the plaintiff's alleged rights

to pension payments are conditional upon Mr. Stilwell's contract rights as a pensioner of the bank, they accrue to her only if she is the widow of the pensioner. We are not dealing with property rights which have accrued either through vestment or inchoately to the plaintiff during her ex-husband's lifetime such as in the case of *Lynn* v. *Sentel*, 183 Ill. 382, and *Pope* v. *Pope*, 2 Ill.2d 152.

For the reasons stated above the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*