(No. 45581.

JAMES E. KECK, Appellee, v. DOLORES F. KECK Appellant.

*Opinion filed March 20, 1974.*

Donald L. Johnson, of Chicago, for appellant.

Frank J. Hucek, of Berwyn, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The plaintiff, James E. Keck, appealed from a judgment entered in the circuit court of Cook County which dismissed his complaint for divorce and entered a decree for separate maintenance in favor of the counter-complainant and defendant, Dolores F. Keck. The appellate court reversed and remanded. (*Keck v. Keck* (1972), 8 Ill. App. 3d 277.) We allowed defendant's petition for leave to appeal.

In December, 1967, the plaintiff filed a complaint for divorce in the circuit court of Cook County, wherein he alleged as grounds for his action mental cruelty and constructive desertion. The defendant filed her answer and countercomplaint for separate maintenance, alleging desertion by the plaintiff.

In October of 1968, about one year thereafter, the plaintiff moved to Las Vegas, Nevada. On November 20, 1968, the Illinois action was assigned for trial and

testimony was heard on November 26, 1968. The cause was continued for further hearing to December 5, 1968, and then to December 23, 1968. On December 5, 1968, the defendant, Dolores F. Keck, was served with a summons and complaint for divorce in an action commenced in Nevada by the plaintiff.

On December 23, 1968, the plaintiff moved for an order declaring the Illinois proceedings erroneous and void and for a new trial, and for other relief. In said motion, the plaintiff alleged that the trial of the cause on November 26, 1968, and December 5, 1968, was conducted improperly and irregularly, that he was deprived of his right to a fair and impartial hearing, and that numerous errors were committed during the hearings. The court entered an order granting the plaintiff's motion, declaring the proceedings erroneous and void, and reassigning the case to another judge for trial.

A second order was entered on December 23, 1968, which continued the cause for trial on January 14, 1969, when proofs would be reopened. This order also restrained the plaintiff from proceeding with his divorce action in Nevada, and directed that he pay to the defendant $50 per week temporary alimony and child support.

On December 27, 1968, four days after the order was entered enjoining the plaintiff from proceeding in the Nevada action, a default decree of divorce was entered in favor of the plaintiff in the Nevada proceeding; the plaintiff then returned to Chicago. This cause was continued several times until June 27, 1969, when the plaintiff moved to dismiss the defendant's counter-complaint for separate maintenance and for other relief, on the ground that the parties were divorced by reason of the Nevada decree of divorce which was entered December 27, 1968. The defendant moved to strike this motion, and asserted that the Nevada decree was invalid. Her motion to strike was granted.

Thereafter, the case was tried and the trial court ruled

that the Nevada divorce decree was invalid on the ground that the plaintiff had been enjoined by the Illinois trial court from proceeding to decree in the Nevada action. The trial court entered a decree granting the defendant's counterclaim for separate maintenance. On appeal, the appellate court reversed and remanded, holding that the Nevada divorce decree should have been afforded full faith and credit and was thus a bar to the subsequent decree for separate maintenance.

The principal issue in this case is whether the Nevada divorce decree was entitled to full faith and credit by the Illinois trial court. Assuming appropriate jurisdiction, the Nevada divorce decree would generally be afforded full faith and credit by our courts. Moved, in part, by the desire that one's marital status be the same in all jurisdictions, the United States Supreme Court determined that full faith and credit is to be afforded an *ex parte* divorce so long as the plaintiff has met the domicile requirements of the forum, regardless of the marital domicile. Personal jurisdiction over the defendant is not required. (*Williams v. North Carolina* (1942), 317 U.S. 287, 87 L. Ed. 279, 63 S. Ct. 207.) Further, while plaintiff's domicile must be *bona fide,* when the decree is challenged in another jurisdiction there is a presumption favoring the requisite domicile. See *Williams v. North Carolina* (1945), 325 U.S. 226, 89 L. Ed. 2d 1577, 65 S. Ct. 1092; *Schwarz v. Schwarz* (1963), 27 Ill.2d 140, 143.

A foreign divorce decree may be collaterally attacked in our courts as to matters going to jurisdiction. Thus, the question of whether a *bona fide* domicile was established may be tested by our courts as may be a question of whether there was fraud going to the jurisdiction of the foreign court. *Stilwell v. Continental Illinois National Bank and Trust Co.* (1964), 31 Ill.2d 546, 549; *Schwarz v. Schwarz* (1963), 27 Ill.2d at 145.

The burden fell upon the defendant, Mrs. Keck, to overcome the finding of domicile made in the Nevada decree. (*Esenwein v. Pennsylvania* (1945), 325 U.S. 279,

89 L. Ed. 1608, 65 S. Ct. 1118.) The issue was raised by plaintiff's motion to dismiss the counterclaim for separate maintenance on the ground there was a valid divorce in Nevada. The defendant, counterplaintiff, moved to strike plaintiff's motion on the ground that the Nevada divorce decree was void because plaintiff did not establish a *bona fide* domicile in Nevada and because of the injunction restraining him from proceeding there.

Evidence was heard on these motions and the court ultimately denied plaintiff's motion to dismiss the counterclaim and granted the defendant's motion to strike. The reasons for the court's order were not, however, readily apparent at that time.

The evidence presented at the hearing on these motions went to the question of plaintiff's domicile in Nevada. This indicated that the plaintiff resided in Nevada for approximately two months, from the end of October, 1968, to the end of December, 1968. He left Nevada at about the time he obtained the divorce decree there. Prior to October, 1968, he had resided at a Chicago address for about two years; he returned to the same address upon his departure from Nevada. He had been employed with Safeco Insurance Company from March of 1968 to April of 1969. He took a leave of absence, while in Nevada was an inspector for another insurance company, rented a furnished apartment on a monthly basis, and maintained checking and savings accounts in Chicago. He never applied for a Nevada driver's license. Keck testified that his return to Chicago was to take care of this litigation and other matters. He testified he would like to return to Nevada when this is concluded and that he intended to do so.

At the conclusion of the hearing the court made the orders indicated above but refused to pass on the validity of the Nevada decree. Substantially later, the matter came on for hearing on the plaintiff's complaint for divorce and the defendant's counterclaim for separate maintenance. The plaintiff presented evidence seeking to establish his right to a divorce before the Illinois court. At the

conclusion of this hearing the court indicated that plaintiff's evidence did not entitle him to a divorce. The question of the Nevada decree was again raised, and at this time the court said the Nevada decree was not valid because of the injunction prohibiting the plaintiff from proceeding and because the Nevada court had no jurisdiction over the defendant. No mention was made of the question of domicile.

Clearly, the trial court was incorrect in holding that its injunction barred the Nevada court from assuming jurisdiction. (*Royal League v. Kavanagh* (1908), 233 Ill. 175, 183.) The injunction acted only upon the parties involved and not upon the foreign court. Likewise, if the trial court held that personal jurisdiction over the defendant was necessary for the Nevada court to assume jurisdiction that, also, was incorrect. *Williams v. North Carolina* (1942), 317 U.S. 287, 87 L. Ed. 279, 63 S. Ct. 207.

The reasons given for a judgment order, or the findings upon which it is based, are not material if the judgment or order is correct. (*Stigler v. City of Chicago* (1971), 48 Ill.2d 20; *Platz v. Walk* (1954), 3 Ill.2d 313, 318.) We hold that the evidence presented on the preliminary motions—directed solely to the issue of the plaintiff's *bona fide* domicile in Nevada—overcame the presumption of such domicile created by the introduction into evidence of the Nevada divorce decree. It is well established that the question of domicile is largely one of intention and that to establish a new domicile a person must physically go to a new home and live there with the intention of making it his permanent home. (*Stilwell v. Continental Illinois National Bank and Trust Co.* (1964), 31 Ill.2d 546, 548-549; *Hughes v. Illinois Public Aid Com.* (1954), 2 Ill.2d 374, 380.) Here plaintiff lived in Nevada only two months, he returned immediately upon obtaining his decree, he retained his apartment in Chicago and returned there, he retained his job in Chicago and returned to it, he retained his Chicago bank accounts and his Illinois driver's license. Within one or two days after arriving in

Nevada he contacted a lawyer about getting a divorce. The evidence presented to the trial court clearly supports the conclusion that the plaintiff went to Nevada for the purpose of obtaining a divorce and with the intent of returning to Illinois. The plaintiff did not establish a *bona fide* domicile in Nevada, and the trial court was warranted in concluding that the Nevada decree was invalid and in denying it full faith and credit. *Williams v. North Carolina* (1945), 325 U.S. 226, 89 L. Ed. 1577, 65 S. Ct. 1092; *Ludwig v. Ludwig* (1952), 413 Ill. 44; *Atkins v. Atkins* (1946), 393 Ill. 202.

The majority of the appellate court concluded that since the defendant did not attack the plaintiff's Nevada domicile *at trial* the presumption of domicile was not overcome. This ignores the fact that the issue was raised by motion attacking the Nevada decree and evidence was heard specifically on this issue.

As indicated in the record and the dissent in the appellate court, the determinations by the trial court that the plaintiff did not establish his right to a divorce under Illinois law and that counterplaintiff was entitled to a decree of separate maintenance were supported by substantial evidence. Such findings should not be disturbed by a reviewing court unless manifestly against the weight of the evidence. Such is not the circumstance in the case at bar. (*Reese v. Laymon* (1954), 2 Ill.2d 614, 624.) The plaintiff argues that this marriage is dead and has consumed years of litigation and that the divorce should be upheld. However, this does not permit us to award a divorce absent grounds provided by the legislature nor does it permit us to ignore the facts which belie the existence of a *bona fide* domicile in Nevada for the purposes of that decree.

The appellate court is thus reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*