PALMER LA ROCHE, Plaintiff-Appellee, *v.* VERNETTA LA ROCHE, Defendant-Appellant.—(VERNETTA LA ROCHE PACCAMONTI, Plaintiff-Appellant, *v.* PALMER LA ROCHE *et al.*, Defendants-Appellees.)

(No. 74-163;

Third District—September 22, 1975.

B. R. Tongren, of Clinton & Tongren, of Peotone, for appellant.

Leonard Sacks and Claude Granger, both of Kankakee, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Palmer La Roche obtained a decree of divorce in the Circuit Court of Kankakee County against his wife, appellant Vernetta La Roche, a/k/a Vernetta Paccamonti, on grounds of adultery. A separate action filed by appellant against Palmer La Roche sought partition of residence property owned by the parties as joint tenants. Both suits were consolidated for trial, and separate decrees were entered in each. The partition decree was subsequently vacated for failure to give notice to Equitable Life Assurance Company, mortgagee. On appeal, appellant seeks reversal of the divorce decree or, alternatively, modification of certain property settlement provisions, and also contends that, in the partition proceeding, various post-trial orders were erroneously entered.

■■ Our first consideration is the validity of the divorce decree. Appellant contends that, at the time defendant claims she committed adultery with Leo Paccamonti, she was in fact married to Mr. Paccamonti and living with him as his wife, and that the trial court erred in refusing to give full faith and credit to her Nevada divorce from Mr. La Roche and in further refusing to recognize the validity of her subsequent marriage. According to appellant's testimony, when she left Mr. La Roche, she moved to a different Kankakee residence where she lived for several months. Leaving her furniture in the latter residence, she later went to Las Vegas, Nevada, rented a motel room, and after approximately nine weeks, obtained a divorce. The following day she married Mr. Paccamonti in Las Vegas and returned to Kankakee the day after marriage. Appellant then moved into Mr. Paccamonti's residence. While in Nevada, appellant did not change her Illinois address for her driver's license or voter's registration.

The *ex parte* Nevada divorce decree would be entitled to full faith and credit in Illinois if appellant met the domicile requirements of Nevada and thereby established the jurisdiction of the Nevada court. (*Ludwig v. Ludwig*, 413 Ill. 44, 107 N.E.2d 848 (1952).) Although a presumption arises that the Nevada domicile was *bona fide*, the party challenging the

decree can overcome the presumption by evidence showing an absence of intention to make a permanent home in Nevada. (*Stilwell v. Continental Illinois National Bank & Trust Co.*, 31 Ill.2d 546, 202 N.E.2d 477 (1964).) The evidence in the case before us is substantially similar to that in *Keck v. Keck*, 56 Ill.2d 508, 309 N.E.2d 217 (1974), where a Nevada decree was not given full faith and credit, and we believe that decision to be controlling here. Consequently, we hold that the trial court's determination that the Nevada decree was void for want of jurisdiction was not against the manifest weight of the evidence and that Mr. La Roche was entitled to a divorce on grounds of adultery.

■■ Appellant also argues that the trial court failed to take into account evidence of Mr. La Roche's misconduct. Since appellant did not raise the fault or conduct of plaintiff (Mr. La Roche) in her pleadings, as required by statute (Ill. Rev. Stat. 1973, ch. 40, § 9a) such evidence would not be a bar to the action. *Del Rosario v. Del Rosario*, 133 Ill. App.2d 8, 270 N.E.2d 160 (1st Dist. 1970).

Having upheld the trial court's determination that the Nevada divorce decree was void, and having found that the evidence was sufficient to support the divorce decree entered here, we need not consider appellant's other contentions questioning the validity of this decree.

In its order, the trial court found that appellant withdrew all of her husband's savings ($4,700) when she left him, and that, at that time, she had $3,100 in her own savings account. The court directed the appellant to pay Mr. La Roche $3,900 which represented one-half of their combined savings. However, appellant and Mr. La Roche testified that she had withdrawn her $3,100 to purchase a car about two months before she left the marital home. Appellant argues that the finding was contrary to the evidence and that the order requiring her to pay $3,900 was not equitable, as required by statute (Ill. Rev. Stat. 1973, ch. 40, § 18). The briefs and record set forth a myriad of details concerning who paid for what during the marriage, and no useful purpose would be served by discussing that testimony here.

If the order entered by the trial court was correct, the reasons given or findings upon which it is based are immaterial. (*Keck v. Keck.*) After carefully reviewing the record, we conclude that the property disposition ordered by the trial court was equitable and should not be disturbed on review.

■■ Appellant's final contention is that in the partition proceeding, the trial court's rulings on post-trial motions were erroneous. Following the trial, a separate order of partition was entered providing that the husband and wife were entitled to an equal division of the real estate subject to the mortgage and subject to the husband's $10,000 homestead exemption.

Appellant filed a motion to vacate the partition decree on grounds that Mr. La Roche was not entitled to a homestead exemption. The mortgagee also filed a motion to vacate the decree because it had not been given the required notice. The court entered an order stating, "The Court * * * finds that both motions should be granted * * *" for lack of notice to the mortgagee; the decree was vacated and the cause continued generally. A subsequent motion by appellant for entry of a decree containing no provision for a homestead exemption was denied.

We need not decide the correctness of these rulings because both the order vacating the decree, and the order refusing to enter a decree in the form offered by appellant, were interlocutory orders, not final. *Joliet Federal Savings & Loan Association v. O'Hare International Bank*, 12 Ill.App.3d 1012, 299 N.E.2d 350 (3d Dist. 1973); *Natale v. Enterprise Publishing Co.*, 82 Ill.App.2d 105, 227 N.E.2d 84 (1st Dist. 1967).

These orders did not dispose of the issues in the cause and hence were not appealable under Supreme Court Rule 301 (Ill. Rev. Stat. 1973, ch. 110A, § 301), or any of the exceptions thereto. Therefore, the appeal from orders entered in the partition proceeding is dismissed.

Affirmed in part; dismissed in part.

ALLOY, P. J., and BARRY, J., concur.