48 Ill. App.3d 1035 (1977)
363 N.E.2d 919
In re ESTATE OF JAMES W. JACKSON, Deceased.  JUANITA L. JONES, Petitioner-Appellant,
v.
MARTHA P. JACKSON, Respondent-Appellee.
No. 13904.
Illinois Appellate Court  Fourth District.
Opinion filed May 31, 1977.
Modified on denial of rehearing June 22, 1977.
*1036 Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (John E. Fick, of counsel), for appellant.
Marshall A. Susler, of Owen, Roberts, Susler & Taylor, of Decatur, for appellee.
Reversed and remanded.
Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:
The petitioner appeals from the denial of admission to probate of her deceased brother's last will and testament and the failure of the court to grant her letters of administration as the named executrix in that will. The admission to probate and the petition for letters were contested by the decedent's wife from whom he was separated at his death. The denial was based on petitioner's supposed failure to prove either domicile or property over which the court could exercise probate jurisdiction. Petitioner appeals.
The decedent and the respondent were domiciled in Clearwater, Florida, when, on January 4, 1975, the respondent removed herself from the marital home and filed for divorce. In March of that year, the decedent traveled to Decatur, Illinois, for a visit with his mother and sister, the petitioner here, and returned some three weeks later to settle his affairs in Florida. In October of 1975, the sister was called to Florida because the decedent had suffered an apparent stroke. After some recuperation there, the decedent was moved to Decatur in November of 1975. Prior to moving, the household goods from the marital home were divided and after shipping a part of them to the wife, the remainder were shipped to Decatur for storage. The decedent had advertised his Florida home for sale in October of 1975. The wife later listed the home with a realtor. The wife had not been granted a divorce in Florida at the decedent's death. The Florida court hearing the divorce action made a *1037 finding that the marital home had been abandoned by both parties and ordered it sold.
At his death on February 15, 1976, of a brain tumor, the decedent owned no real property in Illinois. The only items of personal property owned by him in Illinois were his personal effects, although he had a special bank account with his sister as a co-depositor. Petitioner's second petition for rehearing alleged that the decedent had a checking account at a Decatur bank in his own name with the sum of $24.82 on deposit.
At his death, the decedent resided in Decatur with his sister and mother. His will, drawn in Decatur, stated his residence in its preamble as the address of his sister's house in that city. Following his arrival from Florida in November, decedent expressed an intention to several persons to purchase a home in Decatur and, in fact, looked at one house. The petitioner testified that the decedent made the decision to come to Decatur from Florida and did not know he was dying when he made that decision. The decedent registered to vote in Macon County, Illinois, and affirmatively abandoned his 1976 Florida homestead tax exemption. In stating his intention to purchase a home in Decatur, he also stated his intention to make that city his permanent home.
The decedent's will provided for the disposition of his property as follows: His wife, should they not be divorced at the time of his death, was to receive his share of the home in Florida and two notes with a total value of $38,500. Out of this fund, all expenses of his last illness and funeral and administration were to be paid, his sister, Juanita Jones, the petitioner here, was appointed executrix; his two children were named as residuary legatees in equal shares. Article IV of the will reads as follows:
"I have already given my sister, Juanita L. Jones, all my monies, for which she has agreed to provide a home for me and to provide for my care. Any property remaining at my death, whether real, personal, or mixed, situated in Illinois, is hers as formerly agreed and not to be included in my estate."
 1 An Illinois court of probate may exercise jurisdiction over estates of decedents either when the decedent was domiciled in Illinois or at the time of his death owned property in this state. The trial court found that it could exercise jurisdiction on neither basis. We reverse.
 2 In Keck v. Keck (1974), 56 Ill.2d 508, 309 N.E.2d 217, our supreme court stated that the question of domicile is largely one of intention. To establish a new domicile a person must physically remove himself to a new home and live with the intention of permanently abandoning his former domicile. Stilwell v. Continental Illinois National Bank & Trust Co. (1964), 31 Ill.2d 546, 202 N.E.2d 477; Schultz v. Chicago City Bank & Trust Co. (1943), 384 Ill. 148, 51 N.E.2d 140.
Here, the decedent advertised his Florida house for sale by owner. *1038 With the help of his sister, he packed up all his personal and household belongings and removed those that he wanted to keep, and himself, to Decatur, Illinois. He gave up his Florida homestead tax exemption. Once residing in Decatur, the decedent registered to vote in Macon County, expressed an intent to stay in Decatur, was actively seeking a home at his death, and listed his sister's house as his home in the preamble of his last will and testament. While neither registering to vote or declaring oneself a resident in the preamble to a will constitute exclusive proof of domicile, both facts present strong evidence of decedent's intention to make Illinois his domicile. See Kennan, Residence and Domicile 157, 158 (1934).
 3 The question of domicile, insofar as it relates to a decedent, is one of the most difficult in the law because it turns on the proof of the intent of a deceased person. The burden of proof in such cases rests on the party seeking to prove a change in domicile. From the facts set forth above, we do not perceive that decedent's intent can be seen other than as being to change his domicile from Florida to Illinois.
Because of our disposition of this issue, there is no need to discuss the other issue raised by the petitioner. However, this record does establish the existence of property in Illinois and such would constitute a further ground for probate and letters in Illinois.
The judgment of the trial court is reversed and this cause is remanded to that court with directions to overrule the "objections to jurisdiction of court and place of probate of will" and for further proceedings upon the petition for probate consistent with the views expressed in this opinion.
Reversed and remanded with directions.
REARDON and HUNT, JJ., concur.