CORRINE A. BONATE, Plaintiff-Appellant, *v.* PETER P. BONATE, Defendant-Appellee.

First District (4th Division)    No. 78-1882

Opinion filed October 25, 1979.

Louis R. Schroeder and James M. Rogan, both of Schumacher, Jones, Vallely, Kelly, & Olson, of Chicago, for appellant.

Kugler, De Leo & D'Arco, Ltd., and William J. Harte, Ltd., both of Chicago (David R. Kugler and William J. Harte, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Plaintiff, Corrine Bonate, appeals from a judgment of the circuit court dismissing her complaint to enroll a Nevada divorce decree. On

appeal, plaintiff contests the correctness of this decision because she claims the Nevada decree is entitled to full faith and credit.

The record shows that on June 18, 1976, at 3:27 a.m., plaintiff, who had previously gone to Nevada, filed a divorce action there against her husband, defendant herein. On July 16, 1976, she obtained a default divorce decree which recited in relevant part that the court had heard evidence in support of the complaint and that "Plaintiff for a period of longer than six weeks prior to the commencement of this action was, and now is, a bona fide and actual resident and domiciliary of the State of Nevada." Plaintiff was also awarded the custody of the children.

In July 1977, plaintiff filed a complaint seeking to enroll the Nevada decree in the circuit court of Cook County. Plaintiff further sought to have the circuit court establish reasonable child support and award attorney's fees.

Defendant filed a motion to dismiss the complaint. Defendant asserted that plaintiff's action was barred by a prior judgment of divorce (Ill. Rev. Stat. 1977, ch. 110, par. 48(d)), which had been entered in the circuit court of Cook County. That action had been instituted on June 2, 1976, by the defendant, and judgment of divorce entered for defendant on November 1, 1976. The Cook County divorce decree recited that plaintiff had been served with a summons on June 18, 1976, by a deputy sheriff in Las Vegas, Nevada. The decree further noted that on June 2, 1976, a judge of the circuit court of Cook County had entered an order, which *inter alia*, enjoined the plaintiff from instituting divorce proceedings in another jurisdiction and that such order was served on plaintiff in Nevada on June 18, 1976, at 10:05 a.m. in conjunction with the summons in the Cook County divorce action instituted by defendant. The Cook County decree granted child custody to plaintiff, and effected a distribution of certain real and personal property of the parties.

The parties each submitted a memorandum in support of their respective positions regarding whether the Nevada divorce decree should be enrolled. In these documents reference was made to the fact plaintiff still resided in Nevada. A hearing was conducted on the matter; no evidence was proffered by the parties. Rather, at the conclusion of counsels' arguments, the trial court dismissed plaintiff's complaint to enroll the foreign divorce decree.

Plaintiff now argues that her Nevada divorce decree is entitled to full faith and credit, and that the trial court erred in concluding otherwise. In attacking the Nevada decree, defendant maintains that, on the date he filed for divorce in Cook County, plaintiff was still domiciled in Illinois, and had not yet resided in Nevada long enough to establish her domicile there. Further, he attacks the Nevada decree because of its bare

conclusion that plaintiff was a resident and domiciled in that jurisdiction for the statutory time limit required in that State. Defendant suggests that evidence should have been presented to the Nevada court and reflected in the proceedings therein to indisputedly show plaintiff's residence because of a Nevada statute which requires corroborative evidence where jurisdiction rests on the question of one party's residence. Nev. Rev. Stat. §54.010.

## I.

■■ ■ It is axiomatic that courts may consider the issue of domicile in considering whether to give full faith and credit to a divorce decree obtained in another State, but there is a heavy burden placed upon the party seeking to assail the divorce decree to show lack of domicile. (*Stillwell v. Continental Illinois National Bank & Trust Co.* (1964), 31 Ill. 2d 546, 549, 202 N.E.2d 477; *Fink v. Fink* (1976), 37 Ill. App. 3d 604, 608-09, 346 N.E.2d 415.) A review of the record does not demonstrate that defendant has met this burden in showing that plaintiff was not properly domiciled in Nevada during the pendency of her divorce action there. The Nevada decree sets forth that evidence was presented by plaintiff to sustain the allegations of her complaint in that proceeding which included the averment of proper residency. Absent contrary evidence by defendant in the subsequent Illinois proceedings, we do not believe that there is a valid basis established to attack the presumptive validity of the Nevada decree in this regard. *Keck v. Keck* (1974), 56 Ill. 2d 508, 514, 309 N.E.2d 217; see also *Esenwein v. Commonwealth of Pennsylvania ex rel. Esenwein* (1945), 325 U.S. 279, 280, 89 L. Ed. 1608, 1610, 65 S. Ct. 1118, 1119.

## II.

Alternatively, defendant argues that the trial court's action in the present case was proper because plaintiff violated an injunctive order of the circuit court of Cook County by pursuing her Nevada divorce action. Defendant argues that, when the injunctive order was entered in the Illinois court, plaintiff had not yet completed the 6-week residency requirement in Nevada in order to commence her divorce action there. (Nev. Rev. Stat. §125.050(2).) Thus, defendant maintains that plaintiff was still a resident of Illinois and impliedly subject to the injunction. Further, defendant contends that Illinois courts may, as a contempt sanction, refuse to recognize a judgment of another State obtained in violation of a court order in this State.

■■ We reject defendant's argument. The record shows that, several weeks prior to entry of the Illinois injunctive order against plaintiff, she moved to Nevada and established her residence as noted in the Nevada

divorce decree and not adequately refuted in these proceedings. Thus, there is some serious question concerning the jurisdiction of the Illinois courts to validly enjoin her action in the Nevada courts.(See *Shady v. Shady* (1973), 10 Ill. App. 3d 801, 806-07, 295 N.E.2d 130.) Further, as noted in *Keck v. Keck* (1974), 56 Ill. 2d 508, 514, 309 N.E.2d 217, under analogous circumstances "[t]he injunction acted only upon the parties involved and not upon the foreign court." Thus, the validity of the Nevada decree is not affected by the entry of the Illinois injunctive order.

### III.

There is also no proper basis to accept defendant's position that the Nevada decree should not be enrolled as a sanction against plaintiff's misconduct. Defendant has relied on language from *Palmer v. Palmer* (1945), 184 Misc. 291, 53 N.Y.S. 2d 784, 785. However, in the later case of *Dominick v. Dominick* (1960), 26 Misc. 2d 344, 205 N.Y.S. 2d 503, 510, *Palmer* was distinguished on the basis that in that case the party who was enjoined was still a resident of New York. The court concluded that an injunction to prevent a spouse from instituting divorce proceedings in another jurisdiction was improper when a proper domicile in the other jurisdiction was shown. It stated, "[I]f the domicile of a defendant has actually been removed to a foreign state, our Courts may not interfere with his prosecution of a divorce action there, [citations], and consequently will not issue a judgment restraining defendant from ever thereafter prosecuting an action for divorce in any State other than New York." See also *Nowell v. Nowell* (1969), 157 Conn. 470, 477, 254 A. 2d 889, 894.

As noted, the Nevada decree created a presumption that plaintiff had established her residence and was domiciled in that State prior to issuance of the Illinois injunctive order; and defendant has not effectively rebutted the validity of that finding. We are therefore of the opinion that the Illinois injunction does not detract from plaintiff's attempt to enroll the Nevada decree in this case. We believe that the trial court erred in dismissing plaintiff's complaint.

The judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

JIGANTI, P. J., and LINN, J., concur.