THE OGDEN GROUP, INC., Plaintiff-Appellant, *v.* DAVID SPIVAK, Defendant.—(ROGER L. FASANO, Defendant-Appellee.)

Second District    No. 80-342

Opinion filed January 28, 1981.

Stewart Weitman and Harold I. Levine, both of Chicago, for appellant.

Malcolm Gerber, of Chicago, for appellees.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:
This is an appeal by plaintiff, The Ogden Group, Inc. (hereinafter plaintiff), from an order of the circuit court vacating a default judgment entered against defendant, Roger L. Fasano (Fasano), pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72).

The affidavit of defendant, Fasano, established the existence of a meritorious defense to the action but plaintiff contends on appeal that the trial court abused its discretion in granting defendant's section 72 petition because defendant failed to establish that he exercised due diligence. An examination of the trial court's order vacating the default judgment against Fasano contains a finding of the existence of a meritorious defense on the part of the defendant but makes no express finding with reference to due diligence or excusable mistake on the part of Fasano.

If the trial court's jurisdiction with reference to the vacation of the default judgment order were limited to that bestowed upon the court by virtue of the provisions of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), the defendant would be obligated to establish both "the existence of a meritorious defense and * * * freedom from negligence on his own part." *In re Adoption of Barker* (1976), 37 Ill. App. 3d 721, 724, citing *Glenn v. People* (1956), 9 Ill. 2d 335, 340.

■■ However, an examination of the record in this case makes evident that, separate and apart from the provisions of section 72, the trial court had the jurisdiction and authority to enter its order vacating the default judgment against Fasano. Multiple parties and multiple claims for relief are involved in this action. Plaintiff's complaint sought relief not only against the defendant Fasano but also against the defendant Spivak. While the record reveals that Spivak had not as yet been served with summons at the time the trial court vacated the default judgment against Fasano, the record also reveals that the complaint was still pending against Spivak at that time. The record further discloses that, with

reference to the default judgment against Fasano, the trial court did not make an express written finding that there was no just reason for delaying the enforcement or appeal. Therefore, pursuant to the provisions of Supreme Court Rule 304(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)), since the claims against the defendant Spivak had not been adjudicated, the default judgment order against Fasano, even though a final judgment, was not an appealable order and was still subject to revision at any time by the trial court until all the claims, rights and liabilities of all the parties had been adjudicated.

The trial court did have jurisdiction to enter its order vacating the default judgment without regard to the question of whether any authority might have been conferred upon it by reason of the provisions of section 72 of the Civil Practice Act. Under these circumstances, existence of a meritorious defense on the part of the defendant Fasano is sufficient to enable the trial court to exercise its discretion and vacate the default judgment against the defendant Fasano.

■■■ The fact that the trial court ostensibly granted a section 72 petition does not prevent us from determining that it had the jurisdiction and authority, pursuant to the provisions of Supreme Court Rule 304(a), to enter its order vacating the default judgment against Fasano. The reasons given for a judgment order or the findings upon which it is based are not material if there is a proper basis appearing in the record or in law which would sustain the ruling. (*Keck v. Keck* (1974), 56 Ill. 2d 508, 514.) Furthermore, we may affirm the judgment below on the basis of unargued legal grounds which have factual support in the record. *Redd v. Woodford County Swine Breeders, Inc.* (1977), 54 Ill. App. 3d 562, 565.

The order of the trial court vacating the default judgment against the defendant, Roger L. Fasano, is affirmed.

Affirmed.

SEIDENFELD, P. J., and REINHARD, J., concur.