*In re* MARRIAGE OF THOMAS H. HANLON, Petitioner and Counterrespondent—Appellant, and FRANCES JEAN HANLON, Respondent and Counterpetitioner—Appellee—(Mary Louise Kearns, Counterrespondent-Appellee).

First District (5th District)    No. 81—2556

Opinion filed June 30, 1983.

Francis X. Riley, of Glen Ellyn, and Frances Jean Hanlon, *pro se*, for appellant.

Thomas H. Hanlon, of Schaumburg, for appellee, *pro se*.

JUSTICE MEJDA delivered the opinion of the court:

Frances Jean Hanlon (Frances) appeals from the Sepember 17, 1981, order which dismissed her petition for a legal separation and the petition of Thomas H. Hanlon (Thomas) for dissolution of marriage and enrolled a Nevada decree of divorce as a domestic judgment of Illinois. The central issue presented in this appeal is whether the trial court erred in granting full faith and credit to the Nevada decree of divorce. We affirm.

On December 29, 1977, Thomas filed a complaint in Illinois for dissolution of marriage. His wife Frances couterpetitioned for legal separation naming Mary Louise Kearns (Kearns) and Thomas as counterrespondents. A brief summary of the pertinent proceedings will suffice for our determination.

On February 7, 1979, the trial court in Illinois entered an agreed order enjoining Thomas from filing an action in another State to dissolve the marriage. On May 17, 1979, upon Thomas' motion, an order was entered dismissing the case for want of prosecution as to all parties whereupon Frances then appealed.

Thomas, on June 21, 1979, filed a complaint for divorce in the Eighth Judicial District Court, Clark County, Las Vegas, Nevada. Frances was personally served two days later at her home in Arlington Heights, Illinois. Thomas did not inform the Nevada court of either the pending Illinois action or the restraining order. Following the granting of a default decree of divorce by the Nevada court on July 27, 1979, Thomas married Kearns in Illinois on August 10, 1979.

On April 25, 1980, the appellate court reversed the May 17, 1979, dismissal and remanded the instant case for further proceedings. (*In re Marriage of Hanlon* (1980), 83 Ill. App. 3d 629, 404 N.E.2d 873.) On remand Thomas filed an amended answer to Frances' counterpetition for legal separation alleging the Nevada decree was an affirmative defense and sought an order to dismiss the action and petitioned to register the Nevada decree as a domestic judgment in Illinois. In reply Frances alleged as an affirmative defense that the Nevada decree was void for want of jurisdiction and denied that Thomas intended to make Nevada a permanent domicile and further stated that Thomas never informed the Nevada court of the prior pending dissolution proceeding in the Illinois court.

After reviewing the testimony of Thomas and Frances, the Illinois court found that Thomas had established domicile in Nevada and that Nevada, therefore, had jurisdiction to enter the divorce decree. The trial court entered an order dismissing Frances' petition for legal sep-

aration, dismissing Thomas' petition for dissolution of marriage, granting full faith and credit to the Nevada decree of divorce and enrolling said decree as a judgment in Illinois. Frances appeals.

OPINION

■■ ■ On appeal, Frances contends that the trial court erred in granting full faith and credit to the Nevada decree. The controlling principles are well settled. The power of a court to grant a divorce is founded on domicile. (*Esenwein v. Pennsylvania* (1945), 325 U.S. 279, 89 L. Ed. 1608, 65 S. Ct. 1118.) An *ex parte* divorce is to be afforded full faith and credit so long as the plaintiff has met the domicile requirements of the forum, regardless of the marital domicile. Personal jurisdiction over the defendant is not required. (*Williams v. North Carolina* (1942), 317 U.S. 287, 87 L. Ed. 279, 63 S. Ct. 207.) The full faith and credit clause operates, however, only with respect to judgments rendered by a court whose jurisdiction is not impeached. *Williams v. North Carolina* (1945), 325 U.S. 226, 89 L. Ed. 1577, 65 S. Ct. 1092.

In the instant case Frances contends that Thomas did not establish a domicile in Nevada and argues, therefore, that the decree was obtained by fraud and should not be afforded full faith and credit by the Illinois courts. Thus, the principal question before us is whether Thomas established a *bona fide* domicile in Nevada. The principles governing this question were enunciated by this court in *In re Marriage of Goldstein* (1981), 97 Ill. App. 3d 1023, 1026, 423 N.E.2d 1201, 1203:

> "Domicile is defined as the place where a person has his true, permanent home to which he intends to return whenever he is absent. (*Schultz v. Chicago City Bank & Trust Co.* (1943), 384 Ill. 148, 156, 51 N.E.2d 140, 144.) The question of domicile is largely one of intention, and to establish a new domicile a person must physically move to a new home and live there with the intention of making it his permanent home. *Keck v. Keck* (1974), 56 Ill. 2d 508, 514, 309 N.E.2d 217, 220.
>
> * * *
>
> Of paramount importance in determining whether a given place is or is not one's residence is the intent of that person to live there as his permanent home. (*Green v. Green* (1976), 41 Ill. App. 3d 154, 159, 354 N.E.2d 661, 667.) Whether or not a party has abandoned one residence in favor of another in a different jurisdiction is a question of fact." *In re Marriage of Goldstein* (1981), 97 Ill. App. 3d 1023, 1026, 423 N.E.2d 1201,

1203.

In the instant case Thomas testified before the Nevada court that he had been physically domiciled in that State for the requisite period of time and that it was then his intention to remain there as his permanent home. On this uncontroverted evidence, the Nevada court found that domicile had been established.

■■ ■ Although a foreign divorce decree may be collaterally attacked on the matter of jurisdiction, when a divorce decree is challenged in another jurisdiction a presumption of validity operates in favor of the requisite domicile. (*Esenwein v. Pennsylvania* (1945), 325 U.S. 279, 89 L. Ed. 1608, 65 S. Ct. 1118; *Keck v. Keck* (1974), 56 Ill. 2d 508, 309 N.E.2d 217; see *Williams v. North Carolina* (1945), 325 U.S. 226, 89 L. Ed. 1577, 65 S. Ct. 1092.) The burden of overcoming a finding of domicile made by the court granting the divorce is on the party challenging that finding. *Keck; Bonate v. Bonate* (1979), 78 Ill. App. 3d 164, 397 N.E.2d 88.

In her brief Frances makes numerous allegations and statements unsupported in the record. The record, however, discloses no facts presented by her tending to show that Thomas was not properly domiciled in Nevada at the time he filed his action there. In his complaint before the Nevada court, Thomas averred residence as required by Nevada statute and presented testimony thereon. The Nevada decree found that the evidence presented sustained the allegation. Absent evidence controverting Thomas' testimony regarding domicile, we do not find that the presumptive validity of the Nevada decree is overcome. See *Keck.*

■ Frances argues that the instant facts parallel those in *Fink v. Fink* (1976), 37 Ill. App. 3d 604, 346 N.E.2d 415, wherein the court held that a Nevada divorce decree was improperly granted full faith and credit. In *Fink* the defendant, a teacher, left Illinois two days after the school term ended and returned one week before the fall term began. Although he terminated the lease of his rented room in Illinois and moved most of his personal property to Nevada, he did not resign from either of two teaching positions he held but left continued employment open as a viable option if he could not find suitable employment in Nevada. Relying on the general rule that "in order to establish a new domicile, the intent to do so must be unqualified and not conditional upon the happening of some future event" (37 Ill. App. 3d 604, 609, 346 N.E.2d 415, 419-20), the court found that the defendant's intent to make Nevada his domicile was conditioned upon finding suitable employment there and his domicile, therefore, remained in Illinois. In addition to the retention of his teaching position in Illi-

nois, the *Fink* court relied on the character of the defendant's search for employment in Nevada which they termed "superficial" and "conducted casually" in determining that the defendant had not established a *bona fide* domicile in Nevada.

The instant case is distinguishable from *Fink* in that there was no evidence presented to show that Thomas' stated intent to establish a domicile in Nevada was qualified or conditional upon the happening of some future event. In the Nevada proceedings he testified that he in fact moved to Nevada, intending to establish it as his permanent home and residence, at least for an indefinite period of time, and that he was physically there domiciled from May 7, 1979, until the date the complaint was filed. In the subsequent Illinois proceedings held on September 17, 1981, Thomas testified that he left Illinois on May 3, 1979, and arrived in Las Vegas on May 7, 1979. Upon his arrival he rented an apartment on a month-to-month basis, which apartment he retained until on or about December 10, 1979. Seven weeks after his arrival he filed the complaint for divorce in Nevada. Since he was not eligible to take the Nevada bar examination until the following year, he there sought employment as a clerk in the District Attorney's office and as a judicial law clerk and also worked on the preparation of a novel. He earned approximately $10,000 while living in Nevada. He registered to vote and did vote in elections in Clark County, Nevada, investigated the purchase of a burial plot, and otherwise prepared for an extended stay. Although he left Nevada on business trips to the West Coast, Chicago and other locations, he intended to remain in Nevada and make it his permanent residence. After the Nevada court granted Thomas' decree of divorce on July 27, 1979, he traveled to Illinois and on August 10, 1979, married Mary Louise Kearns, to whom he had been engaged prior to his leaving Illinois. The reason for his return to Illinois in December 1979 was that his wife, Kearns was an elected official and had decided to run for reelection. At the time of the hearing, Thomas had not reestablished his law practice in Illinois but intended to do so. Thomas' testimony was unrebutted.

■■ Frances, in opposition, testified only that within 14 days of the entry of the Nevada decree Thomas returned to Illinois and was married.

We recognize that failure to establish a *bona fide* domicile in a foreign jurisdiction is a proper basis for a court's refusal to accord full faith and credit to a divorce decree rendered by a foreign court. (*Keck v. Keck* (1974), 56 Ill. 2d 508, 309 N.E.2d 217.) However, in the Illinois proceedings Frances failed to sustain her burden of proof that Thomas did not establish domicile in Nevada. Thus, we cannot state

on this record that the presumption of validity as to the Nevada decree was overcome.

■■ Frances further argues that Thomas' failure to inform the Nevada court of the action pending in Illinois and the injunction against him constituted a fraud on the Nevada court, thus invalidating the divorce decree. We disagree. An injunction acts only upon the parties involved and in no way hinders or impedes the operation of a foreign court. (*Keck; Bonate v. Bonate* (1979), 78 Ill. App. 3d 164, 397 N.E.2d 88.) Such injunction does not bar the Nevada court from assuming jurisdiction. *Keck; Dunham v. Dunham* (1896), 162 Ill. 589, 44 N.E. 841.

■■ ■■ A judgment is rendered void by the kind of fraud which gives the court merely "colorable jurisdiction" to enter it. (*Schwarz v. Schwarz* (1963), 27 Ill. 2d 140, 188 N.E.2d 673.) Such fraud involves false allegations that are determinative of the court's jurisdiction. (*Volcan Materials Co. v. Bee Construction Co.* (1981), 101 Ill. App. 3d 30, 40, 427 N.E.2d 797, 805.) Failure to disclose to a foreign court the existence of a pending action in another jurisdiction does not constitute the kind of fraud which gives the court colorable jurisdiction, thereby rendering the judgment void. (*Schwarz.*) At the time relevant to Frances' allegation the only matter before the Illinois court was the appeal of the May 1979 dismissal order. The fraud herein alleged cannot, therefore, be the basis for a collateral attack on the Nevada divorce.

■■ We will not disturb the findings of the trial court unless they are against the manifest weight of the evidence. (*Fink v. Fink* (1976), 37 Ill. App. 3d 604, 346 N.E.2d 415.) On the record here presented we find that the court did not err in holding that the Nevada court properly asserted its jurisdiction and in according the Nevada decree full faith and credit.

For the reasons stated, we affirm the order of the trial court.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.